IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MULLINS | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No.**  2:20-cv-1883 |
| | ) | |
| | ) | |
| **The CONSOL Energy, Inc. Long Term** | ) | |
| **Disability Plan,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1.      Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA").

2.      Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) a reinstatement of benefits, c) the payment of all back benefits due with pre-judgment and post-judgment interest, d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. While the Plaintiff lives in a mobile home in Richlands, Virginia (Tazewell County), venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f) because his employer's disability benefits plan requires that he and other coal miners who believe that their long term disability benefits have been wrongfully denied file suit only in a state or federal court in Allegheny County, Pennsylvania, hundreds of miles from where he lives.

## PARTIES

4. Plaintiff is a former employee of CONSOL Energy, Inc. ("Employer"). While employed there, and while covered by Defendant CONSOL Energy Inc. Long Term Disability Plan ("the LTD Plan") for employees of the Employer, Plaintiff became disabled as that term is defined by the LTD Plan.

5. The Plaintiff left high school at age 15, later got his GED, and has worked his entire life in jobs doing very hard labor, primarily in rock quarries and coal mines.

6. The LTD Plan is an employee welfare benefit plan established under ERISA.

7. Defendant is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8. The Employer is also the Plan Administrator of the LTD Plan and contracted with Lincoln Life Assurance Company of Boston ("Lincoln" or "Claims Administrator") to act as the "Claims Administrator" for the LTD Plan and is a fiduciary or "deemed fiduciary" under the LTD Plan.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9. The Plan Administrator has delegated disability claims administration to Lincoln.

10.     The Employer and Lincoln are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

11.     Lincoln, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

12.     Plaintiff worked for the Employer until he became disabled in June 2015.

13.     The LTD Plan began paying benefits on December 17, 2015 because the Plaintiff was not able to perform the material duties of his own occupation.

14.     On December 16, 2016, the definition of disability changed and the Plaintiff was only entitled to benefits if he could not perform "Any Suitable Occupation," as that term is defined in the policy.

15.     In December 2016, the LTD Plan determined that the Plaintiff was indeed disabled from "Any Suitable Occupation," and continued to pay long term disability benefits through March 13, 2020.

16.     On April 3, 2018, the Plaintiff was awarded Social Security Disability Benefits.

17.     On November 8, 2018, the LTD Plan issued a letter that terminated the long-term disability benefits, finding that the Plaintiff had neither a physical nor a mental condition that would prevent him from working at a "Suitable Occupation."

18.     In the November 8, 2018 letter the LTD Plan invited an appeal of its decision and Plaintiff timely appealed the decision terminating his benefits.

19.     By letter dated March 14, 2019, the LTD Plan communicated that the Plaintiff remained disabled under the terms of the LTD Plan. That letter did not summarize any of the

medical findings but included text from the LTD Plan about the "Limitations for Mental Illness." The letter contained no analysis of how any "mental illness" played a role in the claim.

20.    By letter dated December 30, 2019, the LTD Plan again terminated the Plaintiff's long term disability benefits, effective March 13, 2020. That letter noted that the Plaintiff had made a claim for physical injuries including back pain, shoulder pain, and knee pain, along with anxiety and depression. The letter also noted that the Plaintiff had undergone the following surgeries:

    a.    Bilateral knee scope;

    b.    Left shoulder biceps repair;

    c.    Left hand surgery;

    d.    Thoracic surgery "X 2;"

    e.    Left foraminal discectomy C6-7;

    f.    Revision surgery for the left foraminal discectomy at C6-7;

    g.    Right shoulder arthroscopy (January 18, 2018);

    h.    Left ankle arthroscopy;

    i.    Exploration and debridement posterior tibial tendon (November 25, 2015);

    j.    Total ankle arthroplasty and revision (2016);

    k.    Left ankle arthroplasty (February 10, 2017).

21.    The December 30, 2019 letter also noted that the Plaintiff had been treated conservatively with:

    a.    Left sub gluteal bursa injection;

    b.    Right hip cortisone injection,

    c.    Physical therapy,

d.  Right knee injection;

e.  TENS;

f.  Right S1 transforaminal epidural steroid injection;

g.  Right SI joint injection;

h.  Left hip cortisone injections;

i.  L5-S1 epidural steroid injection; and

j.  Medications.

22.     The December 30, 2019 letter told the Plaintiff that its medical reviewers, none of whom had ever examined the Plaintiff, now believed that after being on claim for four years and after having been approved for benefits under the "Any Suitable Occupation" standard, he was able to return to work, full time, in a variety of occupations. That letter also advised the Plaintiff that he had exhausted long term disability benefits that were payable due to "mental health conditions."

23.     The December 30, 2019 letter invited an appeal, and the Plaintiff did appeal the termination of his benefits.

24.     By letter dated June 17, 2020, the LTD Plan denied the appeal and invited this lawsuit.

**Count I**
**Wrongful Denial of Long Term Disability Benefits**

25.     At all times relevant the Plaintiff has met the LTD Plan's definition of disability.

26.     The LTD Plan provides for lost income benefits.

27.     Plaintiff timely gave notice of disability and applied for disability benefits under the LTD Plan.

28.     In terminating Plaintiff's benefits after four years without any improvement in his medical condition Defendant denied Plaintiff benefits due to him under the terms of the LTD Plan and denied him a full and fair review under 29 U.S.C. § 1133 and the claims regulations thereunder.

29.     The Plaintiff is entitled to long-term disability benefits under the LTD Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

30.     The Plaintiff is entitled to these benefits as he satisfies the definition of disability in the LTD Plan, he has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

**Claim II**
**Improper Calculation of Offsets Due to**
**Plaintiff's Social Security Disability Benefits**

31.     Due to his disabilities, the Plaintiff applied for and was awarded Social Security Disability Benefits, which were paid effective December 1, 2015.

32.     Throughout this claim Plaintiff's Social Security Disability Benefits have continued.

33.     The LTD Plan permits the LTD Plan's benefits for long-term disability to be offset by Social Security disability payments the Plaintiff receives for his disability.

34.     The LTD Plan does not permit it to recover for Social Security payments made to the Plaintiff's spouse or dependent children, yet, ever since the Social Security Administration awarded disability benefits to the Plaintiff and began sending benefits to his spouse and dependent child, the LTD Plan has sought to offset the entire amount of money paid by the Social Security Administration to the Plaintiff and his family, at times even engaging in the

"self-help" remedy of withholding the entire amount of disability benefits the LTD Plan agreed was otherwise due. This cause severe financial distress to this former coal miner.

35.   As of January 14, 2020, the LTD Plan contends that is it still owed $70,576.39 and has been authorized by the employer to engage a collection agency to recover that amount of money from the Plaintiff.

36.   At best, the actual amount of overpayment still to be credited to the LTD Plan is approximately $10,000.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1.   No deference be granted to the decision of the Defendants to deny benefits.

2.   That the Plaintiff is entitled to long-term disability benefits under the LTD Plan.

3.   That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under the LTD Plan.

4.   That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5.   That the Plaintiff is entitled to payment of attorney's fees and costs.

6.   That the LTD Plan is not entitled to offset from any amount awarded in this case, any Social Security payments made to the Plaintiff's wife or dependent child.

Dated: December 4, 2020                               Respectfully submitted,


s/ Tybe A Brett
   Tybe A. Brett, Esquire
   PA I.D. 30064
   tbrett@fdpklaw.com

Feinstein Doyle Payne & Kravec, LLC
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA  15219
412- 281-8400 Phone
412-281-1007 Fax


s/ Benjamin W. Glass, III
   Benjamin W. Glass, III
   VSB #23152
   Ben@BenGlassLaw.com

Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA  22033
703-591-9829 Phone
703-783-0686 Fax

*Pro Hac Vice Admission Pending*

*Counsel for Plaintiff*

8