IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case 2-20-cv-1883-NR |
| v. | ) | |
| | ) | |
| THE CONSOL ENERGY, INC. LONG | ) | |
| TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT AND ADDITIONAL DEFENSES

The CONSOL Energy, Inc. Long Term Disability Plan ("Plan"), which is a component of

The CONSOL Energy, Inc. Health and Welfare Plan, by and through its undersigned counsel,

hereby files the following Answer to Complaint and Additional Defenses. The paragraphs below

correspond to the like-numbered paragraphs in the Complaint. Unless specifically admitted herein,

the Plan denies every allegation in the Complaint.

## ANSWER TO COMPLAINT

1.      Admitted in part and denied in part.  The Plan admits that Plaintiff brought this

action under the Employee Retirement Income Security Act ("ERISA").  The Plan denies that

Plaintiff is entitled to any relief under ERISA.

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions to which no

response is required.  To the extent a response is required, the Plan denies the allegations.

3.      Admitted in part and denied in part.  The Plan admits that this Court has subject

matter over this case and the venue lies in this District based on the terms of the Plan.  The Plan is

without knowledge or information sufficient to form a belief as to the allegations regarding

Plaintiff's residence and, therefore, denies those allegations.

**Parties**

4.      Admitted in part and denied in part.  The Plan admits that Plaintiff was covered by the Plan and in 2015 became Totally Disabled as that term is defined in the Plan document.  The Plan denies the remaining allegations in Paragraph 4.

5.      The Plan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.      Admitted in part and denied in part.  The CONSOL Energy, Inc. Long Term Disability Plan admits that it is a component of The CONSOL Energy, Inc. Health and Welfare Plan, which is a welfare benefit plan established under ERISA.  The Plan denies the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are conclusions of law to which no response is required.  To the extent a response is required, the Plan denies the allegations.

8.      Admitted in part and denied in part.  The Plan admits that CONSOL Energy, Inc. ("CONSOL") is the Plan Sponsor, that CONSOL's Chief Administrative Officer is the Plan Administrator, and that CONSOL contracted with Lincoln Life Assurance Company of Boston ("Lincoln") to have Lincoln serve as the Plan's Claims Administrator.  The remaining allegations in Paragraph 8 are conclusions of law to which no response is required.  To the extent a response is required, the Plan denies those allegations.

**The Employee Health and Welfare Plan**

9.      Admitted in part and denied in part.  The Plan admits that Lincoln has been delegated certain fiduciary functions, as described in the Plan document.  The Plan denies the remaining allegations in Paragraph 9.

10.      The allegations in Paragraph 10 are conclusions of law to which no response is required.  To the extent a response is required, the Plan denies those allegations.

11.    Admitted in part and denied in part.  The Plan admits that, as Claims Administrator, Lincoln administered Plaintiff's claim for benefits, which included making decisions and recommendations to the Plan Administrator regarding Plaintiff's eligibility for benefits and the loss of such eligibility, and that the Plan Administrator agreed with Lincoln's recommendations.  The Plan denies the remaining allegations in Paragraph 11.

### History of the Claim

12.    Admitted in part and denied in part.  The Plan admits that Plaintiff worked for CONSOL and/or a subsidiary of CONSOL, but stopped working in June 2015 due to medical limitations.  The Plan denies the remaining allegations in Paragraph 12.

13.    Admitted in part and denied in part.  The Plan admits that, by letter dated November 23, 2015, Lincoln informed Plaintiff that he had satisfied the requirements to be considered Totally Disabled, as that term is defined in the Plan document, and that benefit payments commenced a short time later.  The Plan denies the remaining allegations in Paragraph 13.

14.    Admitted in part and denied in part.  The Plan admits that, under the terms of the Plan document, after 12 months of receiving benefits under the Plan, the standard for continuing to qualify as Totally Disabled becomes more restrictive.  The Plan denies the remaining allegations in Paragraph 14.

15.    Admitted in part and denied in part.  The Plan admits that, by letter dated November 23, 2015, Lincoln informed Plaintiff that he had satisfied the requirements to be considered Totally Disabled, as that term is defined in the Plan document, and that Lincoln thereafter paid benefits to Plaintiff for the period of December 17, 2015 through March 13, 2020, with a small portion of that period being paid retroactively after benefits were terminated in November 2018, but then, following an appeal, reinstated in March 2019.  The Plan denies the remaining allegations in Paragraph 15.

16.    Admitted.

17.    Admitted in part and denied in part.  The Plan admits that, by letter dated November 8, 2018, Lincoln informed Plaintiff that he no longer satisfied the requirements to be considered Totally Disabled, as defined in the Plan document, and that the letter speaks for itself.  The Plan denies the remaining allegations in Paragraph 17.

18.    Admitted in part and denied in part.  The Plan admits that the November 8, 2018 letter informing Plaintiff that his benefits were being terminated also informed Plaintiff of his rights to appeal that decision.  The Plan denies the remaining allegations in Paragraph 18.

19.    Admitted in part and denied in part.  The Plan admits that, by letter dated March 14, 2019, the Plan granted Plaintiff's appeal and reinstated his benefits, and that the letter speaks for itself.  The Plan denies the remaining allegations in Paragraph 19.

20.    Admitted in part and denied in part.  The Plan admits that, by letter dated December 30, 2019, Lincoln informed Plaintiff that his benefits would be terminated effective March 13, 2020, and that the letter speaks for itself.  The Plan denies the remaining allegations in Paragraph 20.

21.    Admitted in part and denied in part.  The Plan admits that, by letter dated December 30, 2019, Lincoln Plan informed Plaintiff that his benefits would be terminated effective March 13, 2020, and that the letter speaks for itself.  The Plan denies the remaining allegations in Paragraph 21.

22.    Admitted in part and denied in part.  The Plan admits that, by letter dated December 30, 2019, Lincoln informed Plaintiff that his benefits would be terminated effective March 13, 2020, and that the letter speaks for itself.  The Plan denies the remaining allegations in Paragraph 22.

23.    Admitted in part and denied in part.  The Plan admits that the December 30, 2019 letter informing Plaintiff that his benefits would be terminated effective March 13, 2020, also informed Plaintiff of his rights to appeal that decision.  The Plan denies the remaining allegations in Paragraph 23.

24.    Admitted in part and denied in part.  The Plan admits that, by letter dated June 17, 2020, Lincoln, with the express approval of the Plan Administrator, denied Plaintiff's appeal of the December 30, 2019 termination of his benefits.  The Plan denies the remaining allegations in Paragraph 24.

### Count I

25.    Denied.

26.    Admitted in part and denied in part.  The Plan admits that it provides benefits to eligible beneficiaries who qualify under the terms of the Plan document.  The Plan denies the remaining allegations in Paragraph 26.

27.    Admitted.

28.    Denied.

29.    Denied.

30.    Denied.

### Count II

31.    Admitted.

32.    Admitted.

33.    The allegations in Paragraph 33 are an attempt to characterize a document that speaks for itself and, therefore, the Plan denies those allegations.

34.    Admitted in part and denied in part.  The Plan admits that it reduced Plaintiff's monthly benefits to account for payments Plaintiff and his dependents received based on Plaintiffs' award of Social Security Disability Benefits.  The remaining allegations in Paragraph 33 are an attempt to characterize a document that speaks for itself and, therefore, the Plan denies those allegations.  By way of further response, the Plan alleges that it has not yet recovered the full offset due as a result of the payments Plaintiff and his dependents received based on his award of Social Security Disability Benefits.

35.    Admitted in part and denied in part.  The Plan admits that, as of January 14, 2020, Plaintiff had been overpaid in the amount of $70,576.39, that the Plan attempted to recover this amount, and that the Plan has not succeeded in those efforts.  The Plan denies the remaining allegations in Paragraph 35.

36.    Denied.

## Relief Sought

The unnumbered paragraph following Paragraph 36 of the Complaint contains a prayer for relief, to which no response is required.  To the extent a response is required, the Plan denies that Plaintiff is entitled to any relief whatsoever, requested or otherwise.

## ADDITIONAL DEFENSES

The Plan reserves the right to assert any and all applicable defenses to Plaintiff's claims. Without limiting the generality of the foregoing and without regard to other defenses, the Plan hereby asserts the following additional defenses:

1.    The Complaint fails in whole or in part to state a claim upon which relief may be granted.

2.    Plaintiff's purported claim for benefits pursuant to ERISA Section 502(a)(1)(B) fails as a matter of law because Plaintiff has already received all of the benefits to which he is

entitled under the terms of the Plan document and has not been denied any benefits to which he is entitled under the Plan.

3.      The decision to terminate Plaintiff's benefits effective March 13, 2020 should be upheld because the Plan gives the Plan Administrator and Lincoln discretionary authority to interpret the Plan document and the decision was not arbitrary or capricious and/or was otherwise correct and in accordance with the Plan's terms.

4.      To the extent the Plan did not give Lincoln discretionary authority with respect to any decisions or recommendations it made regarding Plaintiff's eligibility for benefits, which is denied, the Plan Administrator, who has full discretionary authority with respect to the Plan, used that discretionary authority to adopt Lincoln's recommendations and deny Plaintiff's appeal of the March 13, 2020 termination of his benefits.

5.      Plaintiff's claims, including Plaintiff's claims for benefits pursuant to ERISA Section 502(a)(1)(B), are barred, in whole or in part, because Plaintiff failed to exhaust mandatory administrative and/or contractual remedies.

6.      Plaintiff waived any claims regarding the offsets applied to his benefit payments because he did not raise them during the administrative appeal process.

7.      Even if Lincoln improperly offset the Social Security Disability Benefits that Plaintiff's dependents received, any corresponding benefits due still must be offset or reduced under the terms of the Plan document and/or the equitable doctrines of set-off and recoupment because the amount of the offset that Plaintiff himself still owes for the Social Security Disability Benefits he received exceeds the amount of the offset related to what his dependents received.

8.      The Plan is entitled to additional offsets or reductions under the terms of the Plan document and/or the equitable doctrines of set-off and recoupment based on lump sum workers' compensation payments Plaintiff received on or about May 12, 2017 in the amount of $32,500.

9.      Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's ratification or acquiescence in the Plan's alleged wrongful conduct, including, but not limited to, the Plan's recoupment of overpayments and offsets against other payments owed to Plaintiff.

10.     Plaintiff's claims are barred, in whole or in part, by the applicable principles of waiver, laches, and/or estoppel.

WHEREFORE, the Plan respectfully requests judgment in its favor and that it be awarded such other and further relief as the Court may deem proper.

Date:  February 22, 2021                                Respectfully submitted,

                                                        */s/ David J. Laurent*
                                                        David J. Laurent (PA 33150)
                                                        david.laurent@bipc.com
                                                        William P. Lewis (PA 316527)
                                                        william.lewis@bipc.com

                                                        BUCHANAN INGERSOLL & ROONEY PC
                                                        Union Trust Building
                                                        501 Grant Street, Suite 200
                                                        Pittsburgh, PA  15219-4413
                                                        Telephone:  412-562-8800
                                                        Fax:  412-562-1041

                                                        *Attorneys for Defendant*