# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY MULLINS,                          )
                                          )
            Plaintiff,                     )
                                          )  Case 2-20-cv-1883-NR
      v.                                   )
                                          )
THE CONSOL ENERGY, INC. LONG              )
TERM DISABILITY PLAN,                     )
                                          )
            Defendant.                     )

## DECLARATION OF TYBE ANN BRETT

1.    I am over the age of 18 and competent to testify about the matters below.

2.    I am of counsel to the firm of Feinstein Doyle Payne & Kravec, LLC.

("FDPK"), and one of counsel representing the Plaintiff in this action, along with Ben

Glass of BenGlassLaw in Fairfax, Virginia.

3.    I am the only attorney at FDPK who worked on this case. I kept

contemporaneous time records from the time I entered my appearance in this case.

Below is a chart summarizing the hours I incurred for the work in prosecuting this case,

from the time that I entered my appearance on behalf of Mr. Mullins through September

23, 2024:

| Name | Activity | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Tybe A. Brett | Case filing through Mediation | 10.50 | $645 | $ 6,772.50 |
| Tybe A. Brett | Summary Judgment briefing | 5.20 | $645 | $ 3,354.00 |
| Tybe A. Brett | Appellate | 57.40 | $645 | $ 37,023.00 |
| Tybe A. Brett | Post Appeal | 18.20 | $645 | $ 11,739.00 |
| **TOTAL** | | **91.30** | | **$ 58,888.50** |

The spreadsheet attached as Exhibit B-1 summarizes the contemporaneous time records I maintained in this case.

4.      I have not included any time that I will incur in replying, if necessary, to respond to Defendant's opposition to the instant motion, even though this time should also be included in any fee award.

5.      While most of the expenses in this case were advanced by BenGlassLaw, below is a chart detailing the expenses incurred by FDPK for the work in prosecuting the Plaintiff's claims through September 23, 2024:

| Type of Expense | Total |
| --- | --- |
| Overnight delivery of transcript ordered by Third Circuit | $ 43.17 |
| **TOTAL** | **$ 43.17** |

These expenses are detailed in Exhibit B-2, attached hereto.

6.      The proposed hourly rate of $645 for me is a reasonable market rate for me and my clients agree to pay those rates.

7.      As described more fully in my curriculum vitae, attached hereto as Exhibit B-3, I am a 1979 graduate of Columbia University School of Law, and I graduated magna cum laude, with honors in history, from Barnard College in 1976.  Following law school graduation, I worked as an associate with the firm of Drinker Biddle & Reath in Philadelphia, PA.  From 1983 to 1990, I was an associate professor at the University of Maine School of Law, where, in addition to teaching first year courses, I taught insurance law, founded and directed the Environmental Law Clinic, and developed a course in Toxic Torts.  In 1990, I returned to my native Western Pennsylvania, where I have been in private practice in Pittsburgh.  Over the past thirty years, I have concentrated my

2

practice on ERISA cases involving employer-sponsored disability, health, life, severance and pension plans, representing plaintiffs, both individually and in class actions.

8.      Since 2006, I have been "of counsel" to the firm of Feinstein Doyle Payne & Kravec, LLC ("FDPK"), a Pittsburgh-based, plaintiff-side law firm focusing on ERISA, LMRA, consumer, and insurance class actions; I am the firm's specialist in individual ERISA cases.  I have successfully advanced the claims of individual ERISA litigants in a number of cases.  *See, e.g., Noga v. Fulton Fin. Corp. Employee Benefit Plan*, 19 F.4th 264 (3d Cir. 2021) (insurer of long-term disability plan benefit cannot introduce affidavit in litigation to explain away procedural irregularities); *McCann v. Unum Provident*, 907 F.3d 130 (3d Cir. 2018) (a physician's "substantial and material" duties of his specialty cannot be determined by simply counting up billing units); *Erwood v. Life Ins. Co. of N. America*, 2017 WL 1383922 (W.D. Pa. Apr. 13, 2017) (non-jury verdict in favor of widow who recovered the loss of $750,000 worth of life insurance benefits); *Strott v. Dimensional Inv., LLC Health & Welfare Plan*, 2015 WL 1299773 (W.D. Pa. Mar. 23, 2015); *Haisley v. Sedgwick Claims Mgmt. Servs.,* 776 F.Supp.2d 33 (W.D. Pa. 2011); *United Steelworkers of Am. AFL-CIO/CLC v. Rohm & Haas Co.,* 683 F. Supp. 2d 355 (E.D. Pa. 2010); *Steffy v. Liberty Life Assur. Co.*, 2009 WL 3255219 (W.D. Pa. Oct. 7, 2009); *Babish v. Sedgwick Claims Mgmt. Servs.*, 2009 WL 563951 (W.D. Pa. Mar. 2, 2009); *Kalp v. Life Ins. Co. of N. Am.*, 2009 WL 261189 (W.D. Pa. Feb. 4, 2009); *Jagielski v. Metro. Life Ins. Co.*, 2007 WL 2907277 (W.D. Pa. Sept. 28, 2007); *Atkins v. UPMC Healthcare Benefits Trust,* 2013 WL 6587170 (W.D. Pa. Dec. 16, 2013).  In addition, I have assisted dozens of claimants receive benefits during the administrative process without the need for litigation.

9.     I was appointed Class Counsel in *Cottillion et. al. v. United Refining Corporation, et al.*, 57 Employee Benefits Cas. (BNA) 1460, 2013 WL 5936368 (W.D. Pa. Nov. 5, 2013), in which we successfully asserted an anti-cutback claim on behalf of a class of terminated vested participants.  *See Cottillion, et. al. v. United Refining Corporation, et al.*, 2013 WL 1419705 (W.D. Pa. Apr. 8, 2013), *aff'd* 781 F.3d 47 (3d Cir. 2015), *cert denied* 136 S.Ct. 198 (2015).  In that case, we obtained a ruling applying the fiduciary exception to the attorney-client privilege to matters of plan administration, including communications regarding participants' exhaustion of administrative remedies under the plan.  *See Cottillion, et. al. v. United Refining Corporation, et al.*, 279 F.R.D. 290 (W.D. Pa. 2011).

10.    I was also appointed Class Counsel in *Vollmer v. Xerox Corp.*, 2022 U.S. Dist. LEXIS 132612 (W.D.N.Y. July 22, 2022), in which I represented a class of retired salaried Xerox Corporation employees who accepted an enhanced early retirement benefit which included lifetime retiree health coverage. The court approved a settlement of that case in October 2023.  I was also appointed one of Class Counsel in *Pedersen v. Kinder Morgan Inc.*, 345 F.R.D. 302 (S.D. Tex 2024), in which the Plaintiff Class substantially prevailed on motions for summary judgment.  __ F. Supp.3d __, 2024 U.S. Dist. LEXIS 131372 (S.D.Tex. July 24, 2024).

11.    I also represented United Policyholders as *amicus curiae* in support of Respondent in *US Airways v. McCutchen,* No. 11-1285 (U.S.).

12.    My practice is not confined to the Western District of Pennsylvania, and I have been sought out to represent individual ERISA plaintiffs in other jurisdictions.  *See, e.g., Kushner v. Nationwide Mutual Ins. Co.*, 2019 WL 4696306 (S.D.Ohio Sep. 26,

2019) (pension plan participant's claim that fiduciary misrepresented his benefits under plan permitted to go forward on breach of fiduciary duty theory); 2018 WL 3454685 (S.D. Ohio, July 18, 2018 (production of documents compelled under the fiduciary exception to the attorney client privilege); *Bulger v. Eaton Corp.*, 2016 WL 5807111 (N.D. Ohio Oct. 5, 2016); *White et al. v. First Energy Generation, LLC*, *et al.*, Case No. 4:14cv2185 (Doc. 25) (N.D. Ohio Apr. 27, 2015 (appointed class counsel); *Starbird v. Mercy Health Plans, Inc.,* Case No. 4:07-cv-1050 (E.D. Mo. June 29, 2009) (order approving settlement in class action).

13.    I am admitted to practice in Pennsylvania; United States Supreme Court; U.S. Court of Appeals for the Third, Second, Fourth, Seventh and Eleventh Circuits; U.S. District Courts for the Western, Eastern and Middle Districts of Pennsylvania; District of Maine; Northern District of Indiana; Northern District of Ohio; and Western District of New York.

14.    The vast majority of my clients do not pay me by the hour but rather pay on a contingency basis.

15.    Occasionally, I do charge by the hour for my services and in 2024, clients agreed to pay me $ 645 per hour on a non-contingent basis for assisting them with benefits matters during the administrative process.  See partially redacted fee agreement showing a rate for my legal services of $ 645 (Exhibit B-4).

16.    On October 18, 2023, Judge Charles J. Siragusa in the Western District of New York found that a rate of $645 was reasonable, given my expertise in ERISA cases. (*See* Exhibit B-5).

17.     The rates requested by Plaintiff's counsel are within the prevailing hourly rates for attorneys of their caliber and years of experience in the Western District of Pennsylvania.  (Exhibit C, Coleman Declaration ¶ 10 (Timothy P. O'Brien, who has 49 years of experience, charges $700/hour); Exhibit D, Paul Declaration ¶¶ 3, 8, 11 (hourly rate for attorney with 26 years of experience is $550 per hour)). The requested rates are well below the CLS rates of $735-850 for lawyers with more than 25 years of experience. https://clsphila.org/about-community-legal-services/attorney-fees/.  (Exhibit B-6).

18.     In general, lawyers avoid handling employee benefits litigation because of the difficulty in handling such litigation and in recovering fees.  (*See also* Coleman Declaration ¶¶ 9-10).   There is a limited pool of experienced and qualified attorneys nationwide who successfully litigate ERISA claims on behalf of plaintiffs, and I, along with my co-counsel in this case, Ben Glass, are among that pool.  (*See also* Exhibit E, DeBofsky Declaration ¶¶9-11; Exhibit F, Kantor Declaration ¶¶ 13, 15-17).

19.     Rates of $645 for me, an attorney with nearly 45 years of experience, and of $600 for Mr. Glass, an attorney with 40 years of experience, are reasonable and well within the range of hourly fees charged by other lawyers with such expertise and within the prevailing hourly rates for the services we provided.  (*See also* Coleman Declaration ¶¶ 10-12; Paul Declaration ¶ 11; DeBofsky Declaration ¶¶9-11; Exhibit F, Kantor Declaration ¶¶ 13, 15-17).

20.     It is my opinion, given my nearly 30 years of experience litigating ERISA cases and nearly 45 years practicing law generally and my acquaintance with other attorneys throughout the United States who represent individual plan participants in ERISA litigation, the rates sought by Plaintiff's counsel in this case are below market-

6

rate for attorneys engaged in ERISA practice with our level of experience, and that the time spent by Plaintiff's counsel in litigating this case, is reasonable. My opinion is supported by the DeBofsky Declaration ¶¶ 12-13 and Kantor Declaration ¶¶ 18-19).

21.     As reflected in the time records (Exhibit B-1), Mr. Glass and I did not duplicate our efforts in representing Mr. Mullins in this case. Mr. Glass handled this matter on his own and engaged me as local counsel when the complaint was ready to be filed. He was more familiar with the record and did the first draft of the motions and appellate briefs. My time was spent advising Mr. Glass regarding local practice and procedure, both in this Court and in the Third Circuit.

22.     I took somewhat greater responsibility for drafting the instant motion for fees and costs, due to my familiarity with the law in this jurisdiction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I have personal knowledge of the facts contained herein and, if called upon to testify, I could and would competently testify thereto.


Executed on September 26, 2024

_____
Tybe Ann Brett


7

# Exhibit B-1

**MULLINS**
**Contemporaneous Time Records**

| Date | Professional | Time | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/1/2020 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Mullins -- review complaint |
| 12/2/2020 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Mullins -- edit complaint for filing |
| 12/8/2020 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Forward filed pleadings to Ben Glass with comments |
| 2/24/2021 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Discussion with Co-counsel; Email to Gerry Kobell |
| 3/23/2021 | Brett, Tybe A. | 0.20 | $645 | $129.00 | Check on status of standard of review submission |
| 4/19/2021 | Brett, Tybe A. | 0.20 | $645 | $129.00 | Respond to email re mediation |
| 4/22/2021 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Review information re mediation; follow up with co-counsel |
| 4/29/2021 | Brett, Tybe A. | 2.00 | $645 | $1,290.00 | Attend mediation; follow up emails to co-counsel re motion for summary judgment |
| 6/9/2021 | Brett, Tybe A. | 0.70 | $645 | $451.50 | Review and edit motion to file AR under seal |
| 6/9/2021 | Brett, Tybe A. | 3.00 | $645 | $1,935.00 | Review and edit brief ISO plaintiff's motion for summary judgment |
| 6/14/2021 | Brett, Tybe A. | 1.50 | $645 | $967.50 | Research and edit brief ISO plaintiff's motion for summary judgment |
| 9/22/2022 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Read opinion; review briefs, emails to co-counsel |
| 10/3/2022 | Brett, Tybe A. | 0.20 | $645 | $129.00 | Conference call to discuss appeal. |
| 10/14/2022 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Assist with notice of appeal and circuit docketing |
| 10/21/2022 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Review and edit concise statement and issues for Third |
| 10/25/2022 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Review and edit concise statement and issues for Third |
| 12/6/2022 | Brett, Tybe A. | 2.00 | $645 | $1,290.00 | Research and edit position paper for mediation |
| 12/7/2022 | Brett, Tybe A. | 2.00 | $645 | $1,290.00 | Research and edit position paper for mediation |
| 1/4/2023 | Brett, Tybe A. | 1.50 | $645 | $967.50 | Third Circuit mediation |
| 1/4/2023 | Brett, Tybe A. | 1.50 | $645 | $967.50 | Research and edit appellant's brief |
| 1/30/2023 | Brett, Tybe A. | 1.50 | $645 | $967.50 | Research and edit appellant's brief |
| 1/31/2023 | Brett, Tybe A. | 0.20 | $645 | $129.00 | Review draft Joint Appendix |
| 2/7/2023 | Brett, Tybe A. | 1.20 | $645 | $774.00 | Research and edit appellant's brief |
| 2/8/2023 | Brett, Tybe A. | 4.30 | $645 | $2,773.50 | Research and edit appellant's brief |
| 2/9/2023 | Brett, Tybe A. | 6.80 | $645 | $4,386.00 | Research and edit appellant's brief |
| 2/10/2023 | Brett, Tybe A. | 3.00 | $645 | $1,935.00 | Research and edit appellant's brief |
| 2/13/2023 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Finalize appellant's brief |
| 3/16/2023 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Review brief of Appellee; email proposing points for reply |
| 3/29/2023 | Brett, Tybe A. | 3.20 | $645 | $2,064.00 | Review briefs; research and draft Reply Brief |
| 3/30/2023 | Brett, Tybe A. | 6.00 | $645 | $3,870.00 | Research and draft reply brief |
| 3/31/2023 | Brett, Tybe A. | 5.00 | $645 | $3,225.00 | Research and draft reply brief |
| 4/1/2023 | Brett, Tybe A. | 7.80 | $645 | $5,031.00 | Research and draft reply brief |
| 4/2/2023 | Brett, Tybe A. | 2.50 | $645 | $1,612.50 | Research and draft reply brief |
| 4/4/2023 | Brett, Tybe A. | 2.00 | $645 | $1,290.00 | Research and draft reply brief |
| 8/25/2023 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Research to prep co-counsel for oral argument |
| 9/19/2023 | Brett, Tybe A. | 2.50 | $645 | $1,612.50 | Research re remedy; review 26f letter |
| 9/28/2023 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Contact opposing counsel re designation of liaison counsel; arrange transcript |
| 10/6/2023 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Circulate transcript to counsel |
| 10/9/2023 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Review transcript for errata; send joint errata to court |
| 10/10/2023 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Review transcript corrections; prepare certificate of accuracy; file and send transcript |
| 3/22/2024 | Brett, Tybe A. | 1.30 | $645 | $838.50 | Review opinion; discuss redactions and next steps with co-counsel. |

**EXHIBIT B-1**

**MULLINS**

**Contemporaneous Time Records**

| Date | Professional | Time | Rate | Amount | Description |
|---|---|---|---|---|---|
| 3/24/2024 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Draft document re redactions of sealed opinion |
| 7/29/2024 | Brett, Tybe A. | 0.80 | $645 | $516.00 | Review filings by Third Circuit |
| 7/30/2024 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Review district court filings |
| 8/1/2024 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Discussions with co-counsel; contact defense counsel |
| 8/2/2024 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Exchange emails with co-counsel re responding to D.Ct. |
| 8/5/2024 | Brett, Tybe A. | 0.60 | $645 | $387.00 | T/C with opposing counsel; follow up t/c and email to co-counsel |
| 8/6/2024 | Brett, Tybe A. | 0.30 | $645 | $193.50 | Email to opposing counsel with calculations |
| 9/6/2024 | Brett, Tybe A. | 0.20 | $645 | $129.00 | Review settlement offer; email to co-counsel |
| 9/9/2024 | Brett, Tybe A. | 0.50 | $645 | $322.50 | Draft joint status report |
| 9/12/2024 | Brett, Tybe A. | 3.80 | $645 | $2,451.00 | Finalize and file joint status report; draft and file motion re schedule for attorneys fees |
| 9/13/2024 | Brett, Tybe A. | 0.70 | $645 | $451.50 | Research and draft brief ISO fees and costs |
| 9/16/2024 | Brett, Tybe A. | 2.50 | $645 | $1,612.50 | Research and draft brief ISO fees and costs |
| 9/17/2024 | Brett, Tybe A. | 3.10 | $645 | $1,999.50 | Research and draft brief ISO fees and costs |
| 9/18/2024 | Brett, Tybe A. | 2.10 | $645 | $1,354.50 | Research and draft brief ISO fees and costs |
| 9/19/2024 | Brett, Tybe A. | 1.00 | $645 | $645.00 | Work on exhibits to fee motion |
| 9/23/2024 | Brett, Tybe A. | 1.50 | $645 | $967.50 | Research and draft and edit brief ISO fees and costs |
| | **Brett, Tybe A. Total** | **91.30** | | **$58,888.50** | |

**MULLINS**

**Expense Report**

| Date | Quantity | Price | Amount | Code | Description |
|------|----------|-------|--------|------|-------------|
| 10/25/2023 | 1 | $43.17 | $43.17 | Overnight Delivery | United Parcel Service (Invoice R98E94413) |
| | | | **$43.17** | **Total** | |

**TYBE A. BRETT**
709 Pinetree Road
Pittsburgh, PA 15243

**PROFESSIONAL EXPERIENCE**

**Feinstein Doyle & Payne & Kravec, LLC**, Pittsburgh, PA
Of Counsel:  ERISA, Consumer Fraud and Insurance Coverage Denial and other Complex and Class Action Litigation (2006-Present)

**University of Pittsburgh School of Law**, Pittsburgh, PA
Adjunct Professor:  Toxic Torts (2006-2012)

**Picadio, Sneath, Miller & Norton**, Pittsburgh, PA
Of Counsel:  ERISA, Toxic Tort, Securities Fraud, Pension Fraud and other Complex Litigation. (2000-2006)

**Campbell & Levine, LLC**, Pittsburgh, PA
Of Counsel:  Complex commercial litigation.  (1995-1999)

**Goldberg, Persky, Jennings & White, P.C. (formerly Henderson & Goldberg, P.C.)**, Pittsburgh, PA
Associate:  Toxic Tort, Environmental, Pension Fraud and Class Action Litigation; State and Federal Appeals.  (1990-1995)

**University of Maine School of Law**, Portland, ME
Associate Professor of Law: Environmental Law, Torts, Toxic Torts, Products Liability, Contracts, Insurance.
Director of Environmental Law Clinic: involved in judicial actions, administrative proceedings and legislative proceedings under state and federal law.  (1983-1990)

**Drinker Biddle & Reath**, Philadelphia, PA
Associate: insurance coverage, general, commercial, tort and employment litigation.  (1979-1983)

**Professor Frank P. Grad**, New York, NY
Research assistant: updated Treatise on Environmental Law.
(1978-1979)

**Professor Harriet Rabb, Employment Rights Project**, New York, NY
Summer clerk: research relating to major employment rights litigation.  (Summer, 1977)

**EXHIBIT B-3**

| | |
|---|---|
| **EDUCATION** | **Columbia University School of Law**, New York, NY<br>J.D. 1979<br>Columbia Journal of Transnational Law, Student Articles Editor (1978-1979)<br>Publication: <u>English Judicial Review and the Politics of Education</u>, Columbia Journal of Transnational Law (Spring, 1978).<br>AILE program, a joint degree program between Barnard College and Columbia University School of Law.<br><br>**Barnard College**, New York, NY<br>B.A. History, Magna Cum Laude 1977<br>Dean's List, Honors in History |
| **BAR ADMISSIONS** | Pennsylvania Supreme Court, Maine Supreme Court, United States Supreme Court, United States Courts of Appeals for the Second, Third, Fourth, Seventh and Eleventh Circuits, United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, United States District Court for the District of Maine, United States District Court for the Northern District of Indiana; United States District Court for the Northern District of Ohio, United States District Court for the Western District of New York, United States District Court for the Eastern District of Michigan, United States District Court for the Southern District of Texas |
| **PUBLICATIONS** | <u>US Airways Inc. v. McCutchen:  Confirming the Scope of "Appropriate Equitable Relief under ERISA Section 502(a)(3)</u>, 175 PBD 9/11/2012 (BNA 9/11/12).<br><br><u>CIGNA Corp. v. Amara</u>: <u>Protecting Employees From Disclosure Violations Under ERISA</u>, 106 PBD 6/2/11 (BNA 6/2/11)<br><br><u>When the SPD and the Plan Conflict, the Conflict Should be Resolved in the Participant's Favor</u>, 37 BPR (BNA 10/19/10)<br><br><u>A Trial Lawyer's Commentary On One Jurist's Musings of the Legal Occult:  A Response to Judge Weinstein</u>, 88 Nw. U. L. Rev. 592 (1993) (with Thomas W. Henderson, Esq.)<br><br><u>Causation in Toxic Torts</u>, in ABA Tort and Insurance Practice Section, Toxics Litigation: Essential Issues and Diverging Views (1992) (with Thomas W. Henderson, Esq.)<br><br><u>Class Actions and Consolidations in Mass Toxic Tort Cases</u>, in ABA Tort and Insurance Practice Section, Managing Modern |

**EXHIBIT B-3**

Litigation: Learning to Live with New Judicial Courts and New Trial Tools (1991) (with Thomas W. Henderson, Esq.)

Commentary:  Consolidation of Individual Plaintiff Personal Injury - Toxic Tort Actions, 11 Journal of Law & Commerce 59 (1991) (with Theodore Goldberg, Esq.)

Risks to Human Health Associated With Exposure to Pesticides At The Time of Application and the Role of the Courts, 1 Villanova Environmental Law Journal 355 (1990) (with Jane Potter, Ph.D., J.D.)

General Discretion Under Maine's Site Location of Development Law, 41 Maine Law Review 1 (1989).

Insuring Against the Innovative Liabilities and Remedies Created by Superfund, 6 UCLA Journal of Environmental Law & Policy 1 (1986).


**RECENT PRESENTATIONS**    Ethics Update:  ABA Employee Benefits Committee Midwinter Meeting (Webinar March 30, 2022)

Employee Benefits for the Employment Lawyer:  NELA 2020 Virtual Convention (July 10, 2020)

Ethics in Employee Benefits Practices:  ABA Employee Benefits Committee Midwinter Meeting (Rancho Mirage, CA, Feb. 7, 2020)

ERISA Ethical Issues and Concerns:  ABA JCEB ERISA Basics National Institute (Chicago, IL, Oct. 17, 2019)

Ethics for Employee Benefits Lawyers:  ABA Employee Benefits Committee Midwinter Meeting (Nashville, TN, Feb. 9, 2019)

Ethics in a Digital World:  ABA JCEB Webinar (Nov. 13, 2018)

Ethics in a Digital World: ABA Employee Benefits Committee Midwinter Meeting (Clearwater Beach, FL, Feb. 9, 2018

Ethics Update:  ABA Employee Benefits Committee Midwinter Meeting (Austin, TX, Feb. 10, 2017)

**EXHIBIT B-3**

Webinar:  New Civil Procedural Rules and ERISA Litigation, Sponsored by ABA Joint Committee on Employee Benefits and the American College of Employee Benefits Counsel (September 8, 2016)

**SIGNIFICANT CASES**

Pedersen v. Kinder Morgan, Inc., 345 F.R.D. 302 (S.D. Tex. 2024)(appointed class counsel on behalf of plaintiff class), __ F. Supp.3d __, 2024 U.S. Dist. LEXIS 131372 (S.D.Tex. July 24, 2024) (decision on summary judgment).

Vollmer v. Xerox Corporation, 2022 U.S. Dist. LEXIS 132612 (W.D.N.Y. July 22, 2022) (appointed class counsel).

Noga v. Fulton Fin. Corp. Employee Benefit Plan, 19 F.4th 264 (3d Cir. 2021) (insurer of long-term disability plan benefit cannot introduce affidavit in litigation to explain away procedural irregularities)

Evans v. Capital Blue Cross, 2022 PA Super 4 (2022) (employee has a right of action to recover unpaid, non-ERISA short term disability benefit under breach of contract and the Pennsylvania Wage Payment and Collection Law).

McCann v. Unum Provident, 907 F.3d 130 (3d Cir. 2018) (a physician's "substantial and material" duties of his specialty cannot be determined by simply counting up billing units).

Kushner v. Nationwide Mutual Ins. Co., 2019 WL 4696306 (S.D.Ohio Sep. 26, 2019) (on summary judgment, pension plan participant's claim that fiduciary misrepresented his benefits under plan permitted to go forward on breach of fiduciary duty theory); 2018 WL 3454685 (S.D. Ohio, July 18, 2018 (granting plaintiff's motion to compel production of documents under the fiduciary exception to the attorney client privilege).

Erwood v. Life Ins. Co. of N. America, 2017 WL 1383922 (W.D. Pa. Apr. 13, 2017) (non-jury verdict in favor of widow who recovered the loss of $750,000 worth of life insurance benefits).

Cottillion et. al. v. United Refining Corporation, 781 F.3d 47 (3d Cir. 2015), aff'g, 2013 WL 1419705 (W.D. Pa. Apr. 8, 2013) (granting summary judgment in favor of participants in a defined benefit plan whose subsidized early retirement was reduced in violation of ERISA's anti-cutback rule).

DeSue v. Aetna Life Insurance Co., 2017 WL 528241 (W.D. Pa. Feb. 9, 2017) (denying motion to dismiss claim for appropriate equitable relief where there is a claim for benefits, because the two claims are not

**EXHIBIT B-3**

necessarily duplicative and permitting plaintiff's claim for breach of fiduciary duty to proceed).

Bulger v. Eaton Corp., 2016 WL 5807111 (N.D. Ohio Oct. 5, 2016) (denying motion to dismiss claim for appropriate equitable relief where claim for benefits, to allow plaintiff an opportunity to develop those claims).

Strott v. Dimensional Inv., LLC Health & Welfare Plan, 2015 WL 1299773 (W.D. Pa. Mar. 23, 2015) (termination of benefits was arbitrary and capricious).

Atkins v. UPMC Healthcare Benefits Trust, 2013 WL 6587170 (W.D. Pa. Dec. 16, 2013) (granting discovery on insurer's conflict of interest).

Cottillion et. al. v. United Refining Corporation, et al., 57 Employee Benefits Cas. (BNA) 1460, 2013 WL 5936368 (W.D. Pa. Nov. 5, 2013)(granting class certification and remedies to plaintiff class).

Cottillion et. al. v. United Refining Corporation, et al., 279 F.R.D. 290 (W.D. Pa. 2011) (applying the fiduciary exception to the attorney-client privilege to matters of plan administration, including communications regarding participants' exhaustion of administrative remedies under the plan, and with respect to communications between an attorney and plan actuaries, limiting the application of the attorney client privilege to only those communications where the actuary was retained for the purpose of obtaining or providing legal advice, and not to other communications with the plan actuary, prepared in the ordinary course of business).

United Steelworkers of Am. AFL-CIO/CLC v. Rohm & Haas Co., 683 F. Supp. 2d 355 (E.D. Pa. 2010) (denial of benefits was arbitrary and capricious).

Haisley v. Sedgwick Claims Mgmt. Servs., 776 F. Supp. 2d 33 (W.D. Pa. 2011) (granting motion for summary judgment on the grounds that defendants' denial of benefits was arbitrary and capricious).

Steffy v. Liberty Life Assur. Co., 2009 WL 3255219 (W.D. Pa. Oct. 7, 2009) (denying motion to dismiss complaint alleging ERISA claims).

Babish v. Sedgwick Claims Mgmt. Servs., 2009 WL 563951 (W.D. Pa. Mar. 2, 2009) (granting motion for summary judgment on the grounds that defendants' denial of benefits was arbitrary and capricious)

Kalp v. Life Ins. Co. of N. Am., 2009 WL 261189 (W.D. Pa. Feb. 4, 2009) (granting motion to compel responses to discovery requests that sought information beyond the "administrative record" in ERISA welfare benefits case)

**EXHIBIT B-3**

Krebs v. United Refining Co., 893 A.2d 776 (Pa. Super. 2006), after remand, No. 88 WDA 2007 (Pa. Super. August 24, 2007) (prevailing plaintiffs in case under the Storage Tank and Spill Prevention Act are entitled to fees and costs under fee-shifting provision of the statute).

Jagielski v. Metropolitan Life Ins. Co., 2007 U.S. Dist. LEXIS 62660; 42 Employee Benefits Cas. (BNA) 1725 (W.D. Pa. Aug. 24, 2007) (under any standard of review, defendant's termination of plaintiff's long term disability benefits was "arbitrary and capricious"), 2007 WL 2907277 (W. D. Pa. Sept. 28, 2007) (awarding fees and costs).

Commonwealth Dept. of Gen. Serv. v. United States Mineral Products Co., 809 A.2d 1000 (Pa. Cmwlth. 2002) (upholding verdict in products liability action seeking costs to replace a contaminated building).

Mathews v. Kidder, Peabody & Co., 161 F.3d 156 (3d Cir. 1998), cert. denied, 526 U.S. 1067 (1999) (Private Securities Litigation Reform Act does not apply retroactively to cases filed prior to its enactment).

Keene Corporation v. Fiorelli et al., 14 F.3d 726 (2d Cir. 1993) (vacating certification of defendant class under Rule 23(b)(1)(B) and injunction of litigation against plaintiff and dismissing complaint which sought settlement of such litigation on the grounds that no Article III case or controversy was presented).

In re Joint Eastern & Southern Districts Asbestos Litigation (Findley v. Blinken), 982 F.2d 721 (2d 1992) (vacating class action settlement that constituted an impermissible modification of a confirmed and substantially consummated plan of reorganization in bankruptcy).

Sierra Club v. Marsh, 872 F.2d 497 (1st Cir. 1989) (vacating and remanding preliminary injunction in case involving application of National Environmental Policy Act).

Jeffrey v. Rapid American Corporation, 200 Mich. App. 150, 503 N.W.2d 720 (1993), aff'd, 448 Mich. 178, 529 N.W.2d 644 (1995) (upholding personal jurisdiction over successor-in-interest to corporation that manufactured defective products).

Davis v. Celotex Corporation, 420 S.W.2d 557 (W. Va. 1992) (upholding punitive damages awarded against successor-in-interest to corporation that manufactured defective products).

J & L Steel Corp v. W.C.A.B. (Jones), 602 A.2d 912 (Pa. Cmwlth. 1992) (widow of worker may bring fatal claim petition even though worker denied lifetime benefits under Pennsylvania Workmen's Compensation Act).

Weber v. GAF Corp., 15 F.3d 35 (3d Cir. 1994) (plaintiff entitled to delay damages under Pennsylvania rule, even though received from other defendants settlements amounting to more than the verdict).

**OTHER**     Counsel for United Policyholders as *amicus curiae* in support of Petitioner in Montanile v Board of Trustees of the National Elevator Industry Health Benefit Plan, No. 14-723, Respondent in US Airways v. McCutchen, No. 11-1285 (U.S.), and in support of Petitioner in Heimeshoff v. Hartford Life & Accident Ins. Co., No. 12-729 (U.S.).

Plaintiffs' Co-Chair, Ethics Subcommittee, ABA Employee Benefits Committee (2015-Present)

**EXHIBIT B-3**

## POWER OF ATTORNEY & FEE AGREEMENT

In consideration of legal services to be rendered by FEINSTEIN DOYLE PAYNE & KRAVEC, LLC ("FDPK"), TYBE A. BRETT, and RUAIRI MCDONNELL (collectively, "Attorneys"), the undersigned ▊▊▊▊▊ ("Client") retains said Attorneys in connection with Client's claim for disability benefits offered by Client's employer, Allegheny Health Network (hereinafter, the "disability benefit claim"). This Power of Agreement & Fee Agreement ("Agreement") will not take effect, and Attorneys will have no obligation to provide legal services to Client, unless and until Client returns a signed copy of this Agreement and makes payment of the $1,000 fee and cost retainer described below.

### Scope of Representation

Client acknowledges that Attorneys' representation is limited to assisting Client with his disability benefit claim and does not cover any other matters not specifically identified, including any administrative appeal of a denial of benefits or litigation. Attorneys have made no guarantees regarding the outcome of Client's disability benefit claim, and any reference Attorneys have made to possible results are only Attorneys' opinions. Attorneys have made no representation regarding the amount of time and/or fees or costs required in connection with the disability benefit claim or any aspect of it, and any reference to these subjects are estimates only.

### Client's Responsibility for Fees and Costs

Client shall pay Attorneys' fees in the amount equal to the time spent at Attorneys' regular hourly rates ($645 for Ms. Brett's time and $450 for Mr. McDonnell's time). At the discretion of Attorneys, other FDPK attorneys or professional staff may perform work in connection with this Agreement; in such cases, Client shall pay fees in an amount equal to the time spent at such attorney's and staff member's regular hourly rates. Should Client contest any aspect of the fees charged by Attorneys, he agrees to binding arbitration through the Special Fee Determination Committee of the Allegheny County Bar Association.

Costs, if any, (including but not limited to, if applicable, court filing fees, fees for service of summons, expert witness fees, fees for obtaining medical records, copying costs, postage, scanning, and legal research costs), are the responsibility of Client but may be advanced by Attorneys.

A refundable fee and cost retainer of $1,000 shall be required.
Attorneys shall have a lien for said fees and costs.

### File Retention

At the conclusion of the representation, Client's file will be closed. FDPK will retain an electronic and hard copy of any original signed settlement documents and a digital electronic

copy of Client's complete legal file for a period of seven years. Any originals and copies of paper documents provided by Client will be digitized and returned to Client as soon as Attorneys receive them. If any paper documents remain in Client's file at the conclusion of this matter, they will be digitized and destroyed, subject to the exceptions noted above. At the expiration of the seven-year period, Client's complete electronic file will be destroyed. If Client requests copies of any file materials Attorneys may impose reasonable costs of copying, retrieving, compiling, searching and mailing the files to Client.

By this Agreement, the undersigned hereby bind their heirs, executors and legal representatives.

AGREEMENT ACCEPTED:

By: _____       Dated: ___12/11/23___

By: _____       Dated: ___1/22/24___
Tybe A. Brett, Esq.

By: _____       Dated: ___1-22-2024___
Joel R. Hurt, Esq.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL VOLLMER and MARILYN VOLLMER, on behalf of themselves and all others similarly situated,

                    Plaintiffs,             Case No.: 20-cv-06979 (CJS)

v.

XEROX CORPORATION,
PLAN ADMINISTRATOR COMMITTEE,
XEROX MEDICAL CARE PLAN FOR RETIRED
EMPLOYEES, XEROX DENTAL CARE PLAN,
and XEROX CORPORATION 1986 ENHANCED
EARLY RETIREMENT PROGRAM,

                    Defendants.

---

## ORDER

AND NOW this ___ day of _____, 2023, it is hereby ORDERED as follows:

1.      Under the Settlement Agreement preliminarily approved by the Court on June 28, 2023 (Doc. 70), Plaintiffs may seek an award of attorneys' fees, costs and expenses not to exceed 18% of the settlement fund and case contribution awards of $25,000 for each named Plaintiff, or a total of $50,000. (Doc. 70-2, ¶8.1).

2.      This Court has evaluated the terms of the proposed attorneys' fees, and finds them to be reasonable, applying the factors set forth in *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000), and finds that:

      (a) the requested fee is within a reasonable baseline fee for ERISA cases;

      (b) the requested fee is reasonable, applying the factors of risk, the quality of representation and other public policy concerns;

1

**EXHIBIT B-5**

(c) A lodestar, using Feinstein Doyle Payne & Kravec's rates of $645 for Ms. Brett, who has over 40 years of experience, $600 for Mr. Hurt, who has over 22 years of experience, and $375 for Kaitlyn Burns, who has 6 years of experience, is reasonable, given their expertise in ERISA cases.

(d) A lodestar, using Rupp Pfalzgraf's rates of $425 for partners with over 15 years of experience, $350-375 for partners with over 10 years of experience, and $225-$325 for attorneys with less than 10 years of experience, is reasonable given their experience in sophisticated litigated matters in federal court;

(e) Using the total lodestar of $1,403,764 as a cross-check, the requested percentage will not lead to a windfall.

3. The Court has evaluated the request for costs and expenses in the amount of $15,100.94 to be taken from the amount awarded for fees and finds that request to be reasonable.

4. The Court has evaluated the request for case contribution awards of $25,000 to each Named Plaintiff, totaling $50,000, and finds the requested award to be reasonable and appropriate.

Accordingly, Plaintiffs' Petition for an award of attorneys' fees, costs and expenses in the amount in the amount of $1,300,500 (which includes costs and expenses of $15,100.94) which is eighteen (18 % of the Settlement Fund of $7,225,000, and case contribution awards of $25,000 for each named Plaintiff is GRANTED.

October 19, 2023

BY THE COURT:

CHARLES J. IRAGUSA,
United States District Judge

2

**EXHIBIT B-5**



# ATTORNEY FEES

Home / About CLS / Attorney Fees

## EXPLANATORY NOTICE TO THE PUBLIC

CLS never charges attorney's fees to its clients, although in some cases clients are asked to pay for court filing fees or other out of pocket expenses.

The attached chart lists the fee schedule used by CLS only in cases in which the law allows for the award of attorney's fees from opposing parties in order to compensate CLS for the legal services provided to its clients.

RANGE OF HOURLY RATES*, Effective January 19, 2023

| | |
|---|---|
| Attorneys post-law school experience under 2 years | $235-260 |
| Attorneys 2-5 year's experience | $265-315 |
| Attorneys 6-10 year's experience | $320-415 |
| Attorneys 11-15 year's experience | $420-525 |

**EXHIBIT B-6**

| | |
|---|---|
| Attorneys 16-20 year's experience | $535-625 |
| Attorneys 21-25 year's experience | $630-715 |
| Attorneys more than 25 year's experience | $735-850 |
| Law Students | $140-190 |
| Paralegal 1-10 years experience | $190-240 |
| Senior and Supervisory Paralegal | $245-285 |

*These rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm market survey data and increases in the Consumer Price Index.

**THESE FEES ARE NOT CHARGED TO CLS CLIENTS. SEE NOTICE ABOVE.**



**EXHIBIT B-6**





## Sign up for Our Newsletter

Email

**SUBMIT EMAIL**



## CONTACT INFO

Center City Office

1424 Chestnut Street, Philadelphia, PA 19102 | 215-981-3700

North Philadelphia Office

1410 W. Erie Avenue, Philadelphia, PA 19140 | 215-227-2400

  

## SERVICES

> PUBLIC BENEFITS

> EMPLOYMENT

> HOUSING

> DEBT & CONSUMER RIGHTS

> UTILITIES

> FAMILY

> CRIMINAL RECORDS

> GET HELP: SENIORS

## RECENT NEWS

More people on SSI will get to keep their full benefits

September 25, 2024

Immigrant Rights

August 30, 2024

Harassment & Discrimination

August 30, 2024

© Community Legal Services of Philadelphia - 2024 | **Website designed by** TwoG Marketing

Annual Reports Board of Directors Leadership Council

**EXHIBIT B-6**