# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIMOTHY MULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case 2-20-cv-1883-NR |
| v. | ) |
| | ) |
| THE CONSOL ENERGY, INC. LONG | ) |
| TERM DISABILITY PLAN, | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF MARK D. DeBOFSKY, ESQUIRE

I, Mark D. DeBofsky, declare as follows:

1. I make this declaration in support of Plaintiff Timothy Mullins's Motion for Attorneys' Fees.

2. The following information is based on my personal knowledge and if called as a witness herein, I can testify competently thereto.

3. I am an attorney licensed to practice law since 1980 by the Supreme Court of Illinois, and since 2005 by the Supreme Court of Hawaii. I have also been admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Third, Seventh, Eighth, Ninth, Eleventh, and Federal Circuits, and by various district courts around the country.

4. I am a resident of the State of Illinois. I practice primarily in federal court in Illinois, although I also regularly handle cases in federal court throughout the United States.

5. Some of the more significant court rulings I have obtained in ERISA cases include the following:

- *Prather v. Sun Life and Health Ins. Co.,* 843 F.3d 733 (7th Cir. 2016) ERISA Claim - accidental death insurance case brought under ERISA. The Court of Appeals overturned the district court's finding for the insurer and awarded benefits to the beneficiary, rejecting the defendant's claim that the decedent did on account of medical treatment rather than due to an accident. Fee award at 852 F.3d 697 (7th Cir. 2017)

- *Stevens v. Santander Holdings USA, Inc.,* 799 F.3d 290 (3d Cir. 2015) – disability benefit case brought under ERISA.   The defendant appealed following the issuance of a remand order by the district court.  On plaintiff's motion, the appeal was dismissed for lack of appellate jurisdiction.

- *Fontaine v. Metro. Life Insur. Co.,* 800 F.3d 883 (7th Cir. 2015) (upholding Illinois Department of Insurance regulation banning discretionary clauses in health and disability insurance policies that would trigger a deferential standard of judicial review)

- *Raybourne v. CIGNA Life Ins. Co. of N.Y.,* 700 F.3d 1076 (7th Cir. 2012). ERISA Claim - Court of Appeals upheld district court ruling finding insurer improperly terminated disability benefits – The court found the Social Security disability benefit determination was not properly taken into consideration by the insurer, that the insurer was motivated by a financial conflict of interest, and that the insurer's reliance on an independent medical examination was misplaced. The court also upheld an award of attorneys' fees to Raybourne's counsel.

- *Stephan v. Unum Life Ins .Co. of America,* 697 F.3d 917 (9th Cir. 2012). ERISA Claim - Court of Appeals overturned district judgment in favor of insurer – The court found Unum's interpretation of the term "earnings" was arbitrary and capricious; the court also applied the fiduciary exception to attorney-client privilege to permit discovery of communications between claim analyst and in-house counsel during course of claim administration.

- *Holmstrom v. Metropolitan Life Ins. Co.,* 615 F.3d 758 (7th Cir. 2010). ERISA Claim - Court of Appeals overturned district court denial of disability insurance benefits recognizing significance of pain in disability assessment and criticizing insurer for presenting claimant with "moving target" as to what evidence to submit.

- *Diaz v. Prudential Insur. Co. of America,* 499 F.3d 640 (7th Cir. 2007) and 422 F.3d 635 (7th Cir. 2005). ERISA claim – Court of Appeals overturned district court rulings for insurer finding that court should not have given deference to insurer's findings. Court overturned two prior rulings and set precedent regarding standard of review applicable to ERISA claims and method of adjudicating ERISA claims.

2

- *Feibusch v. Sun Life,* 463 F.3d 880 (9th Cir. 2006). ERISA claim – Court of Appeals overturned district court ruling for insurer and ruled that lower court improperly applied discretionary standard of review. The court also ruled the district court improperly construed insurance contract.

- *Seitz v. Metropolitan Life Insur. Co.,* 433 F.3d 647 (8th Cir. 2006). ERISA claim – Court of Appeals overturned district court ruling for insurer and ruled that even if claimant can perform some job duties, he qualifies for disability benefits if he cannot perform all job duties.

- *Herzberger v. Standard Insurance Company,* 205 F.3d 327 (7th Cir. 2000). ERISA claim—court overturned prior precedent to issue sweeping ruling modifying standard of review applicable in employee benefit cases.

6.      In addition to my full-time practice, I have co-authored book chapters on aspects of ERISA law and have also published numerous law review and other articles in professional publications relating to the ERISA law, as well as serving as a regular columnist for the *Chicago Daily Law Bulletin* since 2003 and Law360 since 2020. I previously served for many years as a senior editor for *Employee Benefits Law* (BNA Bloomberg) and have authored other BNA Bloomberg publications. I am a frequent speaker at seminars throughout the United States on ERISA-related issues sponsored by national organizations such as the American Bar Association and American Association for Justice, as well as local and regional bar organizations. From 2007 to 2010, I served as the Plaintiff's co-chair of the Employee Benefits Committee of the Labor and Employment Law section of the ABA. I also served from 2000-2020 as an adjunct professor at the University of Illinois-Chicago School of Law teaching a class in Employee Benefits Litigation.  Finally, since, 2023, I have been a member of the ERISA Advisory Council.

7.      My complete curriculum vitae is available at www.debofsky.com.

3

8.      My current hourly billing rate is $780 per hour, which is the rate I charge to clients who pay me on an hourly fee basis, and who have paid me at that rate. The U.S. Court of Appeals for the Seventh Circuit awarded me an hourly rate of $620 per hour for services performed in 2016 in *Prather v. Sun Life,* 852 F.3d 697 (7th Cir. 2017). The Third Circuit also awarded me fees at a rate of $600 per hour for services performed primarily in 2014 and 2015 in an unpublished order issued after a decision was rendered in *Stevens v. Santander Holdings USA Inc.*, 799 F.3d 290 (3rd Cir. 2015).

9.      I am well-acquainted with members of the national bar of attorneys who represent individual ERISA participants and beneficiaries and the rate they charge and regularly meet with such individuals at national bar association meetings. I am also familiar with the complexity of ERISA welfare benefit claims. There is a very limited pool of experienced and qualified attorneys nationwide who successfully litigate ERISA claims on behalf of plaintiffs. I am familiar with attorney Tybe Brett and Ben Glass and their work on this matter, and they are among the finest of the limited pool of experienced and qualified attorneys nationwide who successfully litigation ERISA claims on behalf of individual plaintiffs.

10.      I have known Ms. Brett for over 15 years and have worked with her on amicus briefs and consulted with her on pending cases. Ms. Brett is a knowledgeable and experienced ERISA practitioner who is well-versed in ERISA litigation issues. I am aware that Ms. Brett is claiming an hourly rate of $645.00. In my opinion, which I hold to a reasonable degree of professional certainty, that rate is consistent with, if not below market-rate for attorneys engaged in ERISA practice and with 45 years of experience.

4

11.    I have known Mr. Glass for approximately 20 years.  Over the years, we have attended the same legal conferences where ERISA long term disability was being discussed and have consulted about the issues that arise in ERISA cases.  Mr. Glass is a knowledgeable and experienced ERISA practitioner who is well-versed in ERISA litigation issues. I am aware that Mr. Glass is claiming an hourly rate of $600.00. In my opinion, which I hold to a reasonable degree of professional certainty, that rate is consistent with, if not below market-rate for attorneys engaged in ERISA practice and with more than 40 years of experience.

12.    I also have examined the billing statements submitted by Ms. Brett and Mr. Glass listing over 400 hours for their firms' representation of Mr. Mullins throughout this litigation, including their successful appeal.

13.    It is my opinion that the number of hours incurred for the services listed is reasonable in a matter as complex as this case with a record of over 500 pages.

Pursuant to 28 U.S.C. §1746, the undersigned declares under penalty of perjury that the foregoing is true and correct.


Executed on September 23, 2024

/s/ Mark D. DeBofsky
Mark D. DeBofsky

5