IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case 2-20-cv-1883-NR |
| v. | ) | |
| | ) | |
| THE CONSOL ENERGY, INC. LONG | ) | |
| TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

BACKGROUND ..................................................................................................................1

ARGUMENT ......................................................................................................................2

    A.   Plaintiff is Entitled to Reasonable Attorneys' Fees Under ERISA ...............................2

    B.   The Law of the Lodestar ...........................................................................................6

        1.   Requested Rates ...................................................................................................7

            a.   Legal Standards ..............................................................................................7

            b.   Background of Attorneys .................................................................................9

            c.   Evidence supporting requested rates ..............................................................11

        2.   Calculation of Reasonableness of Fees...............................................................11

    C.   Costs and Other Out-of-Pocket Expenses ...................................................................13

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Beesley v. Int'l Paper Co.*,
  2014 U.S. Dist. LEXIS 12037, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) ............................ 9

*Bell v. United Princeton Properties, Inc.*,
  884 F.2d 713 (3d Cir.1989) ...................................................................................... 7

*Berkoben v. Aetna Life Ins. Co.,*
  2014 U.S. Dist. LEXIS 97664, 2014 WL 3565959,
  (W.D. Pa. July 18, 2014) ..................................................................... 4, 5, 6-7, 14

*Berne Corp. v. Gov't of Virgin Islands*,
  2010 U.S. Dist. LEXIS 105265 (D. V.I. Sept. 30, 2010) ................................................. 13-14

*Blum v. Stenson*,
  465 U.S. 886 (1984) ................................................................................................ 6, 8

*Brytus v. Spang & Co.*,
  203 F.3d 238 (3d Cir. 2000) ........................................................................................ 5, 6

*Campbell v. Royal Bank Supplemental Exec. Ret. Plan*,
  646 F. Supp. 3d 629 ............................................................................... 3, 6, 9, 11

*Chaaban v. Criscito*,
  2013 U.S. Dist. LEXIS 58051 (D.N.J. April 3, 2013) ................................................. 4, 5, 6, 7

*Chesemore v. Alliance Holdings, Inc.*,
  2014 U.S. Dist. LEXIS 123873, 2014 WL 4415919  (W.D. Wis. Sept. 5, 2014) ................... 8

*Coleman v. Kaye*,
  87 F.3d 1491 (3d Cir.1996) ........................................................................................ 7

*Degrado v. Jefferson Pilot Fin'l Ins. Co.*,
  2009 U.S. Dist. LEXIS 60515, 2009 WL 1973501, (D. Colo. July 6, 2009) ......................... 9

*Dobson v. Hartford Fin'l Servs. Group, Inc.*,
  2002 U.S. Dist. LEXIS 17682, 2002 WL 31094894,
  (D. Conn., Aug. 2, 2002) ............................................................................................ 9

*Einhorn v. Dimedio Lime Co.*,
  2015 U.S. Dist. LEXIS 138067, 2015 WL 5920911 (D.N.J. Oct. 9, 2015) ......................... 12

*Evans v. Port Auth. of N.Y. & N.J.*,
  273 F.3d 346 (3d Cir. 2001) ........................................................................................ 7

*Gorini v. AMP, Inc.*,
  2004 WL 1354465 (M.D. Pa. March 14, 2004), *aff'd Gorini v. AMP, Inc.*,
  117 Fed. Appx. 193 (3d Cir. 2004) ....................................................................................... 13

*Hahnemann Univ. Hosp. v. All Shore, Inc.*,
  514 F.3d 300 (3d Cir. Pa. 2008) ........................................................................................... 6

*Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*,
  2011 U.S. Dist. LEXIS 111826, 2011 WL 4565494
  (W.D. Pa. Sept. 29, 2011) ......................................................................................... 4, 5, 14

*Hansen v. Deercreek Plaza, LLC*,
  420 F. Supp. 2d 1346 (S.D. Fla. 2006) ............................................................................... 14

*Hardt v. Reliance Standard Life Insurance Co.*,
  560 U.S. 242 (2010) ............................................................................................................... 3

*Hargrove v. Eagle Picher Corp.*,
  2012 U.S. Dist. LEXIS 77726, 2012 WL 1668152 (E.D. Mich. May 10, 2012) .................... 8

*Harley v. Unisys Corp.*,
  2008 U.S. Dist. LEXIS 49549, 2008 WL 2600364 (E.D. Pa. June 26, 2008) ...................... 13

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ............................................................................................................... 6

*In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*,
  579 F.3d 220 (3d Cir. 2009) ........................................................................................... 3, 4, 5

*Interfaith Cmty. Org. v. Honeywell Int.l, Inc.*,
  426 F.3d 694 (3d Cir. 2005) ......................................................................................... 6, 7, 12

*Jagielski v. Metro. Life Ins. Co.*,
  2007 U.S. Dist. LEXIS 72828, 2007 WL 2907277 (W.D. Pa. Sept. 28, 2007) ...................... 6

*Kenny A. ex rel. Winn v. Perdue*,
  454 F. Supp. 2d 1260 (N.D. Ga. 2006) ............................................................................... 14

*Kuhn v. Prudential Ins. Co. of Am.*,
  2008 U.S. Dist. LEXIS 52403, 2008 WL 2683100 (E.D. Pa. July 8, 2008) .......................... 5

*Lanni v. New Jersey*,
  259 F.3d 146 (3d Cir. 2001) .............................................................................................. 6, 7

*Loughner v. Univ. of Pittsburgh*,
  260 F.3d 173 (3d Cir. 2001) ............................................................................................. 7, 13

*Louisville Black Police Officers Org. v. City of Louisville*,
  700 F.2d 268 (6th Cir.1983) ................................................................................................. 8

*Maldonado v. Houstoun*,
   256 F.3d 181 (3d Cir. 2001) .......................................................................... 7

*Martorana v. Bd. Trs. of Steamfitters Local Union 420 Health, Welfare & Pension Fund*,
   404 F.3d 797 (3d Cir. 2005) .......................................................................... 3

*McHugh v. Olympia Entertainment, Inc.*,
   37 Fed.Appx. 730 (6th Cir. 2002) ................................................................. 8

*McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*,
   33 F.3d 253 (3d Cir. 1994) ......................................................................... 3, 4

*Missouri v. Jenkins*,
   491 U.S. 274 (1989) ..................................................................................... 7

*Mogck v. Unum Life Insurance Company of America*,
   289 F.Supp.2d 1181 (S.D. Cal. 2003) ........................................................... 8

*Mullins v. CONSOL Energy, Inc. Long Term Disability Plan*,
   110 F.4th 180 (3d Cir. 2024) ................................................................ *passim*

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
   478 U.S. 546 (1986) ..................................................................................... 6

*Planned Parenthood v. AG*,
   297 F.3d 253 (3d Cir. 2002) ....................................................................... 13

*Rizzo v. First Reliance Std. Life Ins. Co.*,
   2023 U.S. Dist. LEXIS 188426 ......................................................... 4, 5, 12, 14

*Rode v. Dellarciprete*,
   892 F.2d 1177 (3d Cir.1990) ...................................................................... 6, 7

*Smith v. Philadelphia Housing Authority*,
   107 F.3d 223 (3d Cir. 1997) .......................................................................... 8

*Student Pub. Interest Research Group v. AT & T Bell Lab.*,
   842 F.2d 1436 (3d Cir. 1988) ........................................................................ 7

*Templin v. Independence Blue Cross,*
   785 F.3d 861 (3d Cir. 2015)........................................................................... 3

*Torgeson v. Unum Life Insurance Company of America,*
2007 U.S. Dist. LEXIS9332, 2007 WL 433540 (N.D. Iowa Feb. 5, 2007)................................... 9

*Tussey v. ABB, Inc.*,
   2012 U.S. Dist. LEXIS 157428 (W.D. Mo. Nov. 2, 2012) ................................ 8

*Ursic v. Bethlehem Mines*,
   719 F.2d 670 (3rd Cir. 1983) ...................................................................... 3, 4

iv

**Statutes**

28 U.S.C. § 1920 ................................................................................................................ 13

29 U.S.C. §§1001, *et seq.* ................................................................................................... 1

ERISA §502(g)(1), 29 U.S.C.A. §1132(g)(1) ..................................................................... 2

Plaintiff Timothy Mullins, by and through his undersigned counsel, pursuant to this Court's Order dated September 13, 2024 (Doc. 46), respectfully request that this court award him attorneys' fees in the amount of $ 243,568.50 and costs in the amount of $ 9,590.34.

## BACKGROUND

On December 4, 2020, Plaintiff filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 *et seq.*, for benefits under the Defendant Consol Energy Inc. Long Term Disability Plan, which was sponsored by his employer but administered by Lincoln Life Assurance Company of Boston as claims administrator.  Although Mr. Mullins lives in Virginia, he filed his action here due to a forum selection clause requiring suit to be filed only in the Western District of Pennsylvania.  A mediation under this Court's alternative dispute resolution process, did not resolve the case.  (Doc. 16).  Thus, the parties filed cross motions for summary judgment.  (Docs. 20 – 32).  On September 16, 2022, this Court entered a Memorandum Opinion denying Mr. Mullins' motion and granting the Plan's motion for summary judgment. (Doc. 33).  On October 14, 2022, Plaintiff filed a timely notice of appeal.

After briefing and oral argument, the Third Circuit, in a precedential opinion, held that Mr. Mullins, a coal miner with a 10th grade education, was unable to engage in alternative suitable employment and that Lincoln's termination of his long-term disability benefit under the Plan was arbitrary and capricious.  The Third Circuit vacated this Court's summary judgment decision and required that Lincoln retroactively reinstate Mullins's benefits, effective from the date of termination.  Opinion of the Court, filed July 29, 2024 (Doc. 38-2), published at *Mullins v. CONSOL Energy, Inc. Long Term Disability Plan*, 110 F.4th 180 (3d Cir. 2024).  The Third Circuit also ordered this Court to determine whether Lincoln was entitled to offset Mr. Mullins's benefit by including in the offset the Social Security benefits received by his dependent children.

1

Immediately after the Third Circuit issued the mandate and the case was returned to this Court, this Court entered a judgment in favor of Mr. Mullins on the issue of his entitlement to long-term disability benefits and ordered the reinstatement of those benefits from the date of termination. (Doc. 39).  At the same time, this Court entered a text order advising the parties that it intends to consider Mr. Mullins's claim that the Social Security offset was in error and ordering the parties to confer on that issue to see if any stipulations, agreements or a resolution can be reached and to file a joint status report by August 13, 2024.

On August 13, 2024, the parties filed a joint motion to extend to September 12, 2024 the joint status report deadline pending ongoing settlement discussions.  (Doc. 41).  The joint motion advised that "[t]he parties have engaged in discussions regarding the Social Security offset as well as claims by Plaintiff for interest and attorneys' fees" and that "as of the date of the filing of the within Motion, [they] continue to work toward a non-judicial resolution of the Social Security offset issue." (Doc. 41, ¶¶ 6-7).  The parties sought an extension "to continue negotiating the terms of a potential resolution of this matter." (Doc. 41, ¶ 11), which the Court granted.  (Doc. 42).

On September 12, 2024, parties entered into a stipulation as to the amount of the past due benefits and resolving the Social Security dependent benefit issue. (Doc. 43). The Court approved this stipulation on September 13, 2024. (Doc. 44).  The Court also granted Plaintiff leave to file the within motion for attorneys' fees and costs by September 26, 2024.  (Doc. 46).

### ARGUMENT

**A.** **Plaintiff is Entitled to Reasonable Attorneys' Fees under ERISA**

ERISA §502(g)(1), 29 U.S.C.A. §1132(g)(1), provides: "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court, in its discretion, may allow reasonable attorney's fees and costs of action to either party." Under §1132(g)(1), a court may

2

award reasonable attorney's fees and costs to a claimant who achieves some degree of success on the merits. *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, 255 (2010). Here, the Third Circuit ordered this Court to fully reinstate Mr. Mullins's benefits, and the remaining issue of the Social Security offset was resolved by the parties. *Mullins*, 110 F.4th at __. Thus, he fully succeeded on the merits of his claim.

Once a claimant demonstrates some degree of success on the merits, courts generally consider five factors discussed in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3rd Cir. 1983) (the "*Ursic* factors") in determining an award of attorneys' fees under ERISA. These factors are: a) the offending parties' culpability or bad faith; b) the offending parties' ability to pay; c) the deterrent effect of an award of attorneys' fees on the offending party and others similarly situated; d) the benefit conferred on members of the plan as a whole; and e) the relative merits of the parties' position. *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, 579 F.3d 220, 239 (3d Cir. 2009) (*citing Ursic*, 719 F.2d at 673, and *Martorana v. Bd. Trs. of Steamfitters Local Union 420 Health, Welfare & Pension Fund*, 404 F.3d 797, 804 (3d Cir. 2005)). *See also Templin v. Independence Blue Cross*, 785 F.3d 861, 864 (3d Cir. 2015) (holding that catalyst theory can be used to show "some success" and reversing lower court's denial of fee award); *Campbell v. Royal Bank Supplemental Exec. Ret. Plan,* 646 F. Supp. 3d 629, 639 (E.D. Pa. 2022. These factors "are not requirements …, [but rather] are elements a court considers in exercising its discretion," to allow meaningful appellate review. *Unisys*, 575 F.3d at 239 (citation omitted). Applying the *Ursic* factors weighs in favor of awarding fees and costs to Mr. Mullins.

The first factor, Defendants' bad faith or culpability, supports an award of attorneys' fees where there is culpability or bad faith. *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253, 256 (3d Cir. 1994). This factor is satisfied when the defendant engages

3

in conduct that is "'blameable; censurable; . . . at fault; involving the breach of a legal duty.'" *McPherson*, 33 F.3d at 256; *Chaaban v. Criscito*, 2013 U.S. Dist. LEXIS 58051, *15-17, 2013 WL 1737689, * 5 (D.N.J. April 3, 2013). *See also Berkoben v. Aetna Life Ins. Co.,* 2014 U.S. Dist. LEXIS 97664, *26-30, 2014 WL 3565959, at *10 (W.D. Pa. July 18, 2014); *Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*, 2011 U.S. Dist. LEXIS 111826, *12-15, 2011 WL 4565494, at *5 (W.D. Pa. Sept. 29, 2011). Where a defendant is found to have acted arbitrarily and capriciously, this factor weighs in favor of a fee award to a plaintiff. *Rizzo v. First Reliance Std. Life Ins. Co.*, 2023 U.S. Dist. LEXIS 188426, *9 (D.N.J. Oct. 18, 2023). Here, the Third Circuit found that Defendant acted arbitrarily and capriciously in terminating Mr. Mullins's benefit, *Mullins*, 110 F.4th at __, and the first *Ursic* factor weighs in favor of a fee award.

Regarding the second factor, there is no evidence that Defendant is unable to pay a fee award. Therefore, this factor weighs in favor of a fee award. *See Unisys*, 575 F.3d at 239; *Berkoben*, 2014 U.S. Dist. LEXIS 97664, *30-32, 2014 WL 3565959, at *11; *Haisley*, 2011 U.S. Dist. LEXIS 111826, *15-16, 2011 WL 4565494, at * 5.

The third factor is the deterrent effect of an award of attorneys' fees against the offending party. The third factor favors a fee award if "it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which [defendant] engaged." *Chaaban*, 2013 U.S. Dist. LEXIS 58051, *19-20, 2013 WL 1737689, *7 (quoting *McPherson*, 33 F.3d at 258). An award of attorneys' fees here will deter the Plan and other plan administrators against future violations of ERISA by Defendant and other plan administrators who deliberately misconstrue a claimant's job abilities to avoid paying benefits. *See also Unisys*, 575 F.3d at 239-240; *McPherson*, 33 F.3d at 258; *Rizzo*, 2023 U.S. Dist. LEXIS 188426, *9; *Berkoben*, 2014 U.S.

4

Dist. LEXIS 97664, *31-33, 2014 WL 3565959, at *12. Thus, the third factor weighs in favor of an award of fees against the Defendant.

Regarding the fourth factor, where a fee award will confer even an indirect benefit on the plan as a whole, this factor weighs in favor of a fee award. *See Chaaban*, 2013 U.S. Dist. LEXIS 58051, *20-21, 2013 WL 1737689, *7; *Berkoben*, 2014 U.S. Dist. LEXIS 97664, *33-36, 2014 WL 3565959, at *13; *Kuhn v. Prudential Ins. Co. of Am.,* 2008 U.S. Dist. LEXIS 52403*, *4, 2008 WL 2683100, *2 (E.D. Pa. July 8, 2008). Here, a benefit is conferred upon members of the Plan, as it will be admonished to accurately assess participants' job abilities, and this factor weighs in favor of a fee award. *Rizzo*, 2023 U.S. Dist. LEXIS 188426, *9-10.

As to the fifth factor, the Court concluded that the Defendant acted arbitrarily and capriciously in terminating Mr. Mullins's benefits and Mr. Mullins received a full reinstatement of benefits. *Mullins*, 110 F.4th at __. Thus, Plaintiff's position was more meritorious than that of Defendants. Plaintiff's total victory weighs in favor of a fee award under the fifth factor. *Rizzo,* 2023 U.S. Dist. LEXIS 188426, *9. *See also Chaaban*, 2013 U.S. Dist. LEXIS 58051, *22-23, 2013 WL 1737689, * 8; *Berkoben*, 2014 U.S. Dist. LEXIS 97664, *36-40, 2014 WL 3565959, at * 14; *Haisley*, 2011 U.S. Dist. LEXIS 111826, *19-20, 2011 WL 4565494, at *7; *Kuhn,* 2008 U.S. Dist. LEXIS 52403,* 4-5, 2008 WL 2683100, * 2.

No factor weighs against a fee award, and Defendants should bear "the burden of attorney's fees for the prevailing plaintiff … [to encourage] private enforcement of the statutory substantive rights….'" *Unisys*, 579 F.3d at 240 (*quoting Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000)). Thus, Plaintiff is entitled to reasonable attorneys' fees and costs. *See Haisley*, 2011 U.S. Dist. LEXIS 111826, *20, 2011 WL 4565494 (awarding fees to one of Mr. Mullins's counsel);

5

*Jagielski v. Metro. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 72828, 2007 WL 2907277 (W.D. Pa. Sept. 28, 2007) (awarding fees to one of Mr. Mullins's counsel).

## B.   The Law of the Lodestar

Courts use the "lodestar" method in awarding attorneys' fees and costs under ERISA. *Brytus*, 203 F.3d at 242 (3d Cir. 2000) (*citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986)); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). *See also Campbell*, 646 F.Supp. 3d at 643. The "lodestar" is calculated by taking the amount of time reasonably expended by counsel for the prevailing party and compensating that time at a reasonable hourly rate. The lodestar "is 'presumed to be the reasonable fee' to which counsel is entitled." *Brytus*, 203 F.3d at 242-43 (*quoting Delaware Valley,* 478 U.S. at 564 (*quoting Blum v. Stenson*, 465 U.S. 886, 897 (1984)). *See also Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. Pa. 2008); *Chaaban,* 2013 U.S. Dist. LEXIS 58051, *23-25, 2013 WL 1737689, *8 (*citing Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001)). "To fix the size of a prevailing party's fee award, a court must determine the appropriate billing rate for the party's attorneys as well as the number of hours those attorneys reasonably expended on the action." *Interfaith Cmty. Org. v. Honeywell Int.l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (*citing Blum,* 465 U.S. at 888).

"A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id*. (*citing Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990)).  To satisfy this burden, "'the fee petitioner must submit evidence supporting the hours worked and rates claimed.'" *Id*. (*quoting Hensley,* 461 U.S. at 433). "If it wishes to challenge the fee award, the opposing party must then object 'with sufficient specificity' to the request." *Id*. The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party. *Berkoben*, 2014 U.S. Dist. LEXIS

6

97664, *42, 2014 WL 3565959, at *15 (citing *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 719 (3d Cir.1989)). "Once the opposing party has objected, the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable. In reviewing a fee application, a district court must conduct 'a thorough and searching analysis.'" *Interfaith Cmty.*, 426 F.3d at 711 (*quoting Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).

### 1. Requested Rates

#### a. Legal Standards

A reasonable hourly rate "is calculated according to the prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). *See also Student Pub. Interest Research Group v. AT & T Bell Lab.,* 842 F.2d 1436, 1448 (3d Cir. 1988). "[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Interfaith Cmty.*, 426 F.3d at 708. *See also Chaaban*, 2013 U.S. Dist. LEXIS 58051, *25, 2013 WL 1737689, *9 (*quoting Lanni*, 259 F.3d at 150 and *Interfaith Cmty.*, 426 F.3d at 708 (*quoting Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001)). The court must use the rate at the time of the fee petition, not at the time the services were performed," *Lanni*, 259 F.3d at 149, to adjust for the delay in payment of the fees. *See Missouri v. Jenkins*, 491 U.S. 274, 283-84 & n. 6 (1989); *Rode*, 892 F.2d at 1184. "[A] district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather *must* rely upon the record." *Coleman v. Kaye,* 87 F.3d 1491, 1510 (3d Cir.1996). Where the plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate, the defendant may contest that case with appropriate record evidence. "In the absence of such evidence, the plaintiff

must be awarded attorney's fees at her requested rate." *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir. 1997) (citations omitted).

In determining a reasonable hourly rate, courts may "look to national markets, an area of specialization, or any other market [that] is appropriate to fairly compensate attorneys in individual cases." *McHugh v. Olympia Entertainment, Inc.*, 37 Fed.Appx. 730, 740 (6th Cir. 2002); *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir.1983); *Hargrove v. Eagle Picher Corp.*, 2012 U.S. Dist. LEXIS 77726, 2012 WL 1668152 (E.D. Mich. May 10, 2012) (citing, e.g., *Blum*, 465 U.S. at 895).

> The court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved.... [T]here is a public interest in ensuring that attorneys willing to represent employees in ERISA litigation are adequately paid so that they and others like them will continue to take on such cases. Adequately compensatory fee awards … promote private enforcement of and compliance with important areas of federal law.... An ERISA case involves highly-specialized and complex areas of law.

*Hargrove,* 2012 U.S. Dist. LEXIS 77726, *4, 2012 WL 1668152, *2 (citations omitted). In *Cambell,* 646 F. Supp. 3d at 644 n. 11, the court approved hourly rates taking into consideration the complexity of ERISA cases and the skill and experience of counsel. Curts elsewhere have found that "complex ERISA litigation involves a national standard and special expertise." *Tussey v. ABB, Inc.*, 2012 U.S. Dist. LEXIS 157428, *10, 2012 WL 5386033, *3 (W.D. Mo. Nov. 2, 2012) (considering evidence of hourly rates of $800 for attorneys with more than 25 years of experience).[1]

---

[1] *See also Mogck v. Unum Life Insurance Company of America*, 289 F.Supp.2d 1181, 1190-91 (S.D. Cal. 2003) (in ERISA long term disability case, court stated "ERISA cases involve a national standard… . ERISA cases are often considered to be complex, ERISA plaintiff cases are often undesirable, and Plaintiff's attorneys possess extensive experience in ERISA law"); *Chesemore v. Alliance Holdings, Inc.*, 2014 U.S. Dist. LEXIS 123873, 2014 WL 4415919  (W.D. Wis. Sept. 5, 2014) (approving hourly rates of $895 for highest-level partners as on par with rates charged by

8

The DeBofsky Declaration ¶¶ 9-11 (Exhibit E) and the Kantor Declaration ¶¶ 13, 15-17 (Exhibit F) attest to the propriety of a national standard for fee awards in ERISA cases in general, as well as in this case because counsel for Mr. Mullins are among the limited pool of experienced and qualified attorneys nationwide who successfully litigate ERISA claims on behalf of individual plaintiffs.

This case was handled by two attorneys. Mr. Mullins requests an hourly rate of $600 for Mr. Glass and $645 for Ms. Brett. These rates are reasonable for legal professionals of their skill and experience, whether the relevant market is Pittsburgh or the nationwide market for attorneys representing participants with ERISA disability claims. The requested rates are below the CLS rates, which have been used as a baseline to determine a reasonable hourly rate, *Campbell*, 646 F. Supp. 3d at 653-44.  The CLS rates of $735-850 for lawyers with more than 25 years of experience can be found here: https://clsphila.org/about-community-legal-services/attorney-fees/.    (Brett Declaration ¶ 17, Exhibit B-6)

### b.  Background of Attorneys

Ben Glass has been practicing law since 1983, when he graduated from Geroge Mason University School of Law, and has been handling ERISA disability litigation for over 25 years. He started his own firm, BenGlassLaw, in 1983.  (Exhibit A, Glass Declaration ¶¶ 1-5).  His ERISA practice includes consulting with families and businesses to understand their benefits,

---

plaintiffs' firms handling ERISA class actions); *Beesley v. Int'l Paper Co.*, 2014 U.S. Dist. LEXIS 12037, *12, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) (approving rates of $892 for attorneys with at least 25 years of experience); *Degrado v. Jefferson Pilot Fin'l Ins. Co.*, 2009 U.S. Dist. LEXIS 60515, * 30, 2009 WL 1973501, *10 (D. Colo. July 6, 2009); *Torgeson v. Unum Life Insurance Company of America,* 2007 U.S. Dist. LEXIS9332, * 20, 2007 WL 433540, *6 (N.D. Iowa Feb. 5, 2007)(awarding rate based on national standard in long term disability case); *Dobson v. Hartford Fin'l Servs. Group, Inc.,* 2002 U.S. Dist. LEXIS 17682, *8-9, 2002 WL 31094894, *3 (D. Conn., Aug. 2, 2002).

assisting clients in claiming ERISA disability benefits, and litigating claim denials and terminations in the federal district courts and through the appellate courts. (Glass Declaration ¶¶ 5-8). He has also taught at continuing legal education conferences on, among other topics, the handling of disability claims under ERISA. (Glass Declaration ¶ 6).

Tybe Brett is a 1979 graduate of Columbia University School of Law. She has had a wide variety of experiences as an attorney, ranging from associate in a large law firm in Philadelphia to law professor to plaintiffs' lawyer, and worked in several areas, including toxic torts and class actions. (Exhibit B, Brett Declaration ¶7). Over the past thirty plus years, she has concentrated her practice on ERISA cases involving employer sponsored disability, health, insurance, severance and pension plans, representing participants, both individually and in class actions, and has published articles on class actions and significant developments under ERISA. (Brett Declaration ¶ 7 and Exhibit B-3). Since 2006, Ms. Brett has been "of counsel" to the firm of Feinstein Doyle Payne & Kravec, LLC, a Pittsburgh-based, plaintiff-side law firm focusing on ERISA, LMRA, consumer, and insurance class actions; she is the firm's specialist in individual ERISA cases. She successfully advanced the claims of individual ERISA litigants in a number of cases and has assisted dozens of claimants receive benefits during the administrative process without the need for litigation. Her practice is not confined to Western Pennsylvania; she has been sought out to represent ERISA plaintiffs in other jurisdictions. (Brett Declaration ¶¶ 8-12, Exhibit B-3).

Ms. Brett is admitted to practice in Pennsylvania; the United States Supreme Court; U.S. Courts of Appeals for the Third, Second, Fourth, Fifth and Seventh Circuits; U. S. District Courts for the Western, Eastern and Middle Districts of Pennsylvania, District of Maine, Northern District of Indiana, and Northern District of Ohio, Western District of New York. (Brett Declaration ¶ 13).

10

### c. Evidence supporting requested rates.

The requested rates of $600 for Mr. Glass and $645 for Ms. Brett are reasonable for attorneys representing individual clients with their degree of experience and skill in this specialized area of law. Last year, in *Vollmer v. Xerox Corporation*, CA No. 20-cv-06979 (Doc. 76)(W.D. N.Y. Oct. 19, 2023) (Exhibit B-6), Judge Siragusa found that FDPK's rates of $645 for Ms. Brett and $600 for her colleague, Joel Hurt who has 22 years of experience, are reasonable given their expertise in ERISA cases. Other attorneys who regularly practice in this District have attested that the rates sought by Plaintiff's counsel are within prevailing rates for attorneys of their caliber. *See* Brett Declaration ¶¶17-19; Coleman Declaration ¶¶10-12; Paul Declaration ¶11. Further, the Court should consider the complexity of ERISA welfare benefit claims and the very limited pool of experienced and qualified attorneys nationwide, which includes Plaintiff's counsel, who successfully litigate ERISA claims on behalf of plaintiffs. Given that consideration, the requested rates are reasonable or below those for attorneys in this area. DeBofsky Declaration ¶¶ 9-11; Kantor Declaration ¶¶13, 15-17.

The foregoing declarations and affidavit are sufficient evidence of the prevailing market rates for Plaintiff's counsel practicing in their area of expertise. While Plaintiff need not produce engagement letters, *Campbell*, 646 F. Supp. 3d at 645, there is evidence that Plaintiff's counsel charges hourly rates at or above the rates requested. Glass Declaration ¶¶ (charging hourly rate of $900); Brett Declaration ¶6, 15 and Exhibit B-4 (charging hourly rate of $645).

### 2. Calculation of Reasonableness of Fees

To determine the reasonableness of the time expended on a matter, a court reviews the time charged and must decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are "excessive, redundant, or otherwise

11

unnecessary" to determine whether the hours charged are reasonable. *Rizzo*, 2023 U.S. Dist. LEXIS 188426, *12-13 (quoting *Einhorn v. Dimedio Lime Co.*, 2015 U.S. Dist. LEXIS 138067, 2015 WL 5920911, at *2 (D.N.J. Oct. 9, 2015)). "In reviewing the hours claimed, a court cannot reduce an award *sua sponte*; 'it can only do so in response to specific objections made by the opposing party.'" *Rizzo*, 2023 U.S. Dist. LEXIS 188426, * 13 (quoting *Interfaith Cmty.*, 426 F.3d at 711.

Here, as shown in the chart summarizing counsel's time, Mr. Mullins retained Mr. Glass who investigated the case and familiarized himself with the record. Mr. Glass was lead counsel and engaged Ms. Brett as local counsel, since a forum selection clause required that the case be filed in this District. Ms. Brett advised Mr. Glass regarding local practice. Ms. Brett took somewhat greater responsibility for drafting the instant motion, given her familiarity with the law in this jurisdiction. Glass Declaration ¶¶15-16; Brett Declaration ¶¶ 21-22. The time records, summarized in the chart below, reflect this division of responsibility.

| Name | Activity | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Ben Glass | Case filing through Mediation | 90.20 | $600 | $ 54,120.00 |
| Tybe A. Brett | Case filing through Mediation | 10.50 | $645 | $ 6,772.50 |
| Ben Glass | Summary Judgment briefing | 85.80 | $600 | $ 51,480.00 |
| Tybe A. Brett | Summary Judgment briefing | 5.20 | $645 | $ 3,354.00 |
| Ben Glass | Appellate | 129.10 | $600 | $ 77,460.00 |
| Tybe A. Brett | Appellate | 57.40 | $645 | $ 37,023.00 |
| Ben Glass | Post Appeal | 2.70 | $600 | $ 1,620.00 |

| Name | Activity | Hours | Hourly Rate | Lodestar |
|------|----------|-------|-------------|----------|
| Tybe A. Brett | Post Appeal | 18.20 | $645 | $ 11,739.00 |
| **TOTAL** | | | | **$243,568.50** |

*See also* Glass Declaration, Exhibit A-1; Brett Declaration ¶¶3, Exhibit B-1.[2]

**C.    Costs and Other Out-of-Pocket Expenses.**

Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1)    Fees of the clerk and marshal;
(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case; and
(5)    Docket fees under Section 1923 of this title.

28 U.S.C. § 1920. In addition, certain expenses incurred by a prevailing party, including postage and reproduction, may be included in attorneys' fees awards. *Gorini v. AMP, Inc.*, 2004 WL 1354465, at *7 (M.D. Pa. March 14, 2004), *aff'd Gorini v. AMP, Inc.*, 117 Fed. Appx. 193, 198 (3d Cir. 2004) (ERISA case). Documentation of costs must be sufficiently specific to permit the court to determine whether the costs are reasonable. *Harley v. Unisys Corp.*, 2008 U.S. Dist. LEXIS 49549, *61, 2008 WL 2600364, *14 (E.D. Pa. June 20,2008) (*citing Loughner*, 260 F.3d at 181) (permitting recovery of not only taxable costs, but also other disbursements customarily charged to the client, including copying fees and postage). Travel costs, which were kept to a minimum, (Glass Declaration, ¶18 and Exhibit A-2), are normally charged to a fee-paying client in the course of providing legal services and should be awarded. *Planned Parenthood v. AG*, 297 F.3d 253, 267-68 (3d Cir. 2002); *Berne Corp. v. Gov't of Virgin Islands,* 2010 U.S. Dist. LEXIS

---

[2] Mr. Glass's paralegal incurred time on this case, but Mr. Mullins is not seeking to recover fees for paralegal time.

13

105265, * 20, 2010 WL 3927703 (D. V.I. Sept. 30, 2010); *Haisley*, 2011 U.S. Dist. LEXIS 111826, *33-35, 2011 WL 4565494, *11 (awarding travel costs to attend depositions). A mediator's fees also are generally awarded. *See Berkoben*, 2014 U.S. Dist. LEXIS 97664, *68, 2014 WL 3565959, at *23; *Kenny A. ex rel. Winn v. Perdue*, 454 F. Supp. 2d 1260, 1295-96 (N.D. Ga. 2006), *aff'd*, 532 F.3d 1209 (11th Cir. 2008); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354-55 (S.D. Fla. 2006).

The following chart summarizes the expenses incurred by Plaintiff's counsel in this case:

| Type of Expense | Total |
|---|---|
| Filing fees (BGL) | $ 907.00 |
| Admission to WDPA (BGL) | $ 70.00 |
| Mediator's Fee (BGL) | $ 1,312.50 |
| Copying of Briefs and Appendix in Third Circuit (BGL) | $6,201.47 |
| Travel to Third Circuit Argument (BGL) | $ 744.35 |
| Transcript of Third Circuit Argument (BGL) | $311.85 |
| Overnight delivery of transcript (FDPK) | $43.17 |
| TOTAL | $9,590.34 |

Similar costs were awarded in *Rizzo*, 2023 U.S. Dist. LEXIS 188426, *14 (awarding counsel's costs for travel costs to court, filing fees, service of process, photocopies and postage). The costs incurred in this case should be awarded here.

14

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court award attorneys' fees (through September 23, 2024) in the amount of $243,568.50 and expenses in the amount of $ 9,590.34 in this litigation.

Date:  September 26, 2024

_s/ Tybe A. Brett_
Tybe A. Brett, Esq. (PA 30064)
Feinstein Doyle Payne & Kravec, LLC
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA 15219
Telephone: 412-281-8400
Fax: 412-281-1007
tbrett@fdpklaw.com

_s/ Benjamin W. Glass_
Benjamin W. Glass, III, Esq. (VSB 23152)
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
Telephone: 703-591-9829
Fax: 703-783-0686
Ben@BenGlassLaw.com
_Admitted Pro Hac Vice_

_Attorneys for Plaintiff_

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF Notification System, this 26th day of September 2024.

/s *Tybe A. Brett*