IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case 2-20-cv-1883-NR |
| v. | ) | |
| | ) | |
| THE CONSOL ENERGY, INC. LONG | ) | |
| TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

Introduction............................................................................................................................1

    A.  Application of the *Ursic* Factors Weigh in Favor of a Fee Award to
        Mr. Mullins, Who Achieved 100% Success on the Merits................................................1

    B.  The Time Spent by Mullins's Counsel Was Reasonable and at Most the
        Court Should Make Minor Adjustments..........................................................................3

    C.  Costs, Including Mediator's Fees, Should Be Awarded..................................................5

    D.  Fees for this Reply Should Also Be Awarded. ................................................................5

Conclusion .............................................................................................................................5

i

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Ams. for Prosperity v. Grewal,*
   2021 U.S. Dist. LEXIS 57979 (D.N.J. Mar. 26, 2021) ........................................... 3

*Asprino v. Independence Blue Cross/Pennsylvania Blue Shield,*
   1998 U.S. Dist. LEXIS 2332 (E.D. Pa. Mar. 3, 1998) ........................................... 2

*Bayer CropScience AG v. Dow Agrosciences LLC,*
   2015 U.S. Dist. LEXIS 133804 (D. Del. June 18, 2015) ........................................ 3

*Bear Mt. Orchards, Inc. v. Liberty Foods, Inc.,*
   2007U.S. Dist. LEXIS 97063 (E.D. Pa. Nov. 28, 2007) ....................................... 3, 4

*Berkoben v. Aetna Life Ins. Co.,*
   2014 U.S. Dist. LEXIS 97664 (W.D. Pa. July 18, 2004) ....................................... 3, 5

*DiGiacomo v. Teamsters Pension Trust Fund,*
   154 Fed. Appx. 312 (3d Cir. 2005) ........................................................................ 2

*Haisley v. Sedgwick Claims Mgmt. Servs.,*
   2011 U.S. Dist. LEXIS 111826 (W.D. Pa. Sept. 29, 2011) .................................... 4

*Hardt v. Reliance Std. Life Ins. Co.,*
   560 U.S. 242 (2010) ........................................................................................... 1, 2

*In re Unisys Corp. Retiree Med. Benefits Erisa Litig.,*
   579 F.3d 220 (3d Cir. 2009) ................................................................................ 4

*Institutionalized Juveniles v. Secretary of Pub. Welfare*,
   758 F.2d 897 (3d Cir. 1985) ................................................................................ 5

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,*
   426 F.3d 694 (3rd Cir. 2005) ............................................................................... 3

*Kairys v. Southern Pines Trucking, Inc.,*
   595 F. Supp. 3d 376 (W.D. Pa. 2022) ................................................................. 2

*Moskalski v. Bayer Corp.*
   2008 U.S. Dist. LEXIS 64791 (W.D. Pa. Aug. 25, 2008) ..................................... 2

*Mullins v. CONSOL Energy, Inc. Long Term Disability Plan*,
   110 F.4[th] 180 (3d Cir. 2024) .............................................................................. 1, 2

*Planned Parenthood v. AG*,
   297 F.3d 253 (3d Cir. 2002) ................................................................................ 4

*Pocono Mt. Sch. Dist. V. T.D.,*
   2023 U.S. App. LEXIS 9162 (3d Cir. April 18, 2023) ........................................... 2

*Rizzo v. First Reliance Std. Life Ins. Co.*,
 2023 U.S. Dist. LEXIS 188426 (D.N.J. Oct. 18, 2023) ........................................ 1-2

*Rode v. Dellarciprete,*
 892 F.2d 1177 (3d Cir. 1990) ...................................................................... 5

*Stein v. Paul Revere Life Ins. Co.,*
 661 F. Supp. 3d 378 (E.D. Pa. 2023) ......................................................... 2

*Templin v. Independence Blue Cross,*
 785 F.3d 861 (3rd Cir. 2015) ...................................................................... 1

*Ursic v. Bethlehem Mines*,
 719 F.2d 670 (3rd Cir. 1983) ................................................................. 1, 2

*Viera v. Life Ins. Co. of N. Am.,*
 2013 U.S. Dist. LEXIS 89525 (E.D. Pa. June 25, 2013) ............................. 1

*Walker v. Gruver,*
 2013 U.S. Dist. LEXIS 158219 (M.D. Pa. Nov. 5, 2013) ........................... 5

**Statutes**

ERISA §502(g)(1), 29 U.S.C. §1132(g)(1) ................................................. 1
ERISA §503, 29 U.S.C. §1133 ................................................................... 1

**Introduction**

Under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1), a claimant need only show "'some degree of success on the merits' before a court may award attorney's fees" *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2010). Citations in Defendant's Response (Doc. 49) suggesting a more stringent standard have been overruled by *Hardt.* Consol concedes that Mr. Mullins has achieved "some success on the merits" by quoting *Templin v. Independence Blue Cross*, 785 F.3d 861, 864 (3d Cir. 2015), but argues that application of several factors under *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3rd Cir. 1983), weigh against a fee award here. Defendant also objects to some of the time spent by counsel and one item of costs. These objections are addressed below.

**A. Application of the *Ursic* Factors Weigh in Favor of a Fee Award to Mr. Mullins, Who Achieved 100% Success on the Merits.**

The Third Circuit found that Defendant's reliance on a 2019 TSA incorrectly listing Mullins's job as 'Mine Superintendent," abused its discretion, that "the District Court erred in upholding the decision," and that Consol's defense of its conceded error (that the 2016 TSA is referenced and incorporated into the 2019 TSA) "runs contrary to law." *Mullins v. CONSOL Energy, Inc. Long Term Disability Plan*, 110 F.4th 180, 182-183, 190 (3d Cir. 2024). To accept Consol's defense would allow a "sleight of hand" vitiating the statutory notice purpose behind letters notifying claimants of an adverse determination. *Id.* at 190. Consol "doubled down" on its error in 2020, when it misstated, rather than updating, Mullins's job history, thus creating additional issues under the full and fair review requirements of 29 U.S.C. §1133. *Id.* at 190-91.

Ignoring the Circuit's opinion, Consol argues that the closely related first, third, fourth and fifth *Ursic* factors weigh against a fee award. Contrary to that argument, "culpability," the first factor, weighs in favor of a fee award against a defendant found to have abused its discretion. *See, e.g., Rizzo v. First Reliance Std. Life Ins. Co.*, 2023 U.S. Dist. LEXIS 188426, *9 (D.N.J. Oct. 18,

2023).[1] *Moskalski v. Bayer Corp.*, 2008 U.S. Dist. LEXIS 64791, *4-5 (W.D. Pa. Aug. 25, 2008), cited by Defendant, agrees, holding that defendants' reliance on an opinion lacking foundation, the absence of evidence supporting defendants' conclusions of plaintiff's employability on two occasions and the selective use of evidence "bespeaks of some level of culpability." The Circuit rejected Consol's argument that it was not "culpable" as "contrary to law."[2] This case is not close; Consol "doubled down" on its error, failing to correct it when it had the opportunity. The Circuit concluded that "the termination of Mullins's benefits was arbitrary and capricious; there are no genuine issues of material fact that could lead a reasonable jury to find otherwise." *Id.* at 191.

Consol incorrectly suggests that the third *Ursic* factor requires knowing wrongdoing. While a fee award deters further wrongdoing even without intent, *Kairys v. Southern Pines Trucking, Inc.*, 595 F. Supp. 3d 376, 392 (W.D. Pa. 2022), Consol's doubling down on its error meets any intent requirement. Similarly, when the consequences of improper decision making involve more than the payment of benefits, all plan participants will benefit when fiduciaries are held to their fiduciary duties, satisfying the fourth *Ursic* factor. Regarding the fifth factor, there was no genuine dispute that Defendant abused its discretion. *Mullins*, 110 F.4th at 191.[3]

A denial of fees would be an abuse of discretion. *See Pocono Mt. Sch. Dist. v. T.D.*, 2023 U.S. App. LEXIS 9162 (3d Cir. April 18, 2023).

---

[1] Cases cited in Defendant's Response at 6-7 suggesting something more is required to weigh the first factor in favor of a fee award were decided before *Hardt.*

[2] In contrast, in the cases Consol cites, such as *DiGiacomo v. Teamsters Pension Trust Fund*, 154 Fed. Appx. 312, 313 (3d Cir. 2005), *Stein v. Paul Revere Life Ins. Co.*, 661 F. Supp. 3d 378, 392 (E. D. Pa. 2023), and *Viera v. Life Ins. Co. of N. Am.*, 2013 U.S. Dist. LEXIS 89525, *8 (E.D. Pa. June 25, 2013), there was conflicting precedent and legal support for the defendants' position.

[3] *Asprino v. Independence Blue Cross/Pennsylvania Blue Shield*, 1998 U.S. Dist. LEXIS 2332, *11 (E. D. Pa. Mar. 3 1998), in which the defendant who prevailed at trial sought fees from the plaintiff, whose claim had some factual basis, is distinguishable.

**B. The Time Spent by Mullins's Counsel Was Reasonable and at Most the Court Should Make Minor Adjustments.**

Defendant agrees that the lodestar method is appropriate and does not challenge the reasonableness of counsel's hourly rates, but contests some of the time spent.

First, Defendant contests time spent by local counsel, misreading *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 710 (3d Cir. 2005).[4]   Mr. Mullins, a rural Virginia resident, hired Mr. Glass, a Virginia attorney, to represent him.  (Glass Aff. (Doc. 47-3) ¶¶ 15-16). Mr. Glass spent 20+ hours reviewing Mr. Mullins's 3,418-pages claim file, before discovering the forum selection clause requiring a Virginia coal miner to file his case in this District within six months of the final denial letter. (Glass Aff., Ex. A-1 (Doc. 47-3 at 9); Exhibit G, Glass Aff. ¶¶3-4).  Mr. Mullins reasonably kept Mr. Glass, who was already familiar with the case, rather than incurring time and delay to refer to local counsel.  *See Bayer CropScience AG v. Dow Agrosciences LLC*, 2015 U.S. Dist. LEXIS 133804, *11-12 (D. Del. June 18, 2015). *Berkoben v. Aetna Life Ins. Co.*, 2014 U.S. Dist. LEXIS 97664, *49 (W.D. Pa. July 18, 2014), supports the reasonableness of retaining both Mr. Glass and Ms. Brett.  In fact, Defendant had two attorneys on the case.  *See Ams. for Prosperity v. Grewal,* 2021 U.S. Dist. LEXIS 57979, *41-42 (D.N.J. Mar. 26, 2021) (awarding reasonable and necessary local counsel fees counsel totaling $105,858.00).

Second, two national ERISA experts attested to the reasonableness of the time spent by Mr. Mullins's counsel. (DeBofsky Decl. (Doc. 47-7) ¶ 12; Kantor Decl. (Doc. 47-8) ¶¶ 18-19). Consol fails to explain why 21.5 hours is excessive to review a 3,418 page claim file.  The time spent by Mr. Glass, who usually practices in the Fourth Circuit, (Glass Aff. (Doc. 47-3) ¶¶ 15-16),

---

[4] *Bear Mt. Orchards, Inc. v. Liberty Foods, Inc.*, 2007 U.S. Dist. LEXIS 97063, *5 (E.D. Pa. Nov. 28, 2007), is distinguishable, involving a Pennsylvania plaintiff and Pennsylvania transaction, yet plaintiff chose Illinois counsel to represent it.  Here, the Plan's forum selection clause forced a Virginia coal miner and his chosen Virginia counsel to litigate in Pennsylvania.

3

researching law in the Third Circuit, Consol's chosen forum, is also reasonable. The Court should order a wholly compensatory award requiring Defendant to bear "the burden of attorney's fees . . . [to encourage] private enforcement of the statutory substantive rights…." *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, 579 F.3d 220, 240 (3d Cir. 2009).

Consol's objection to time Mr. Glass spent on the motion for summary judgment is unsubstantiated.  Third Circuit affirmed fees for 123.8 hours spent preparing a summary judgment motion that was never filed, because the work was useful and necessary to the plaintiff.  *Bear Mt. Orchard*, 2007 U.S. Dist. LEXIS 97063, *2-4 (citing *Planned Parenthood v. AG*, 297 F.3d 253, 270-71 (3d Cir. 2002)).  *See also Haisley v. Sedgwick Claims Mgmt. Servs*., 2011 U.S. Dist. LEXIS 111826, *40-42 (W.D. Pa. Sept. 29, 2011)(awarding over 100 hours for briefing summary judgment in long term disability case).  While the entries in July 2021 are obvious typos (Exhibit G, Glass Aff. ¶5), Plaintiff agrees to deduct 5.4 hours.

Mr. Mullins disagrees that the minimal time required to review routine filings was excessive but will reduce the 2 hours by half.  Mr. Mullins also disagrees that the list in Defendant's Response at 15-16 involved administrative tasks that could be delegated to a nonlawyer.  *See Planned Parenthood*, 297 F.3d at 267, 271-72.  For example, Mr. Glass properly devoted 1 hour to preparing the Summary of the Case (which included a statement of the issues).  Nonetheless, he will deduct 2.6 hours of the time that Consol claims was devoted to administrative tasks.

Third, Consol agrees that Mr. Glass and Ms. Brett attempted not to duplicate their work, but nonetheless seek to disallow some of their time. Mr. Mullins agrees to deduct 2 hours for Ms. Brett's attendance at the mediation, although two attorneys were reasonable.  As for the time on the appellate briefs, Mr. Glass was more familiar with the record and did the first drafts, while Ms. Brett shaped the legal argument.  (Brett Decl. (Doc. 47-4) ¶ 21).  This division of labor was

4

efficient and reasonable under *Walker v. Gruver*, 2013 U.S. Dist. LEXIS 158219, *19 (M.D. Pa. Nov. 5, 2013)(citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990)).

### C. Costs, Including Mediator's Fees, Should Be Awarded.

Consol's only objection to costs is to the mediator's fee. This District's mandatory alternative dispute resolution program renders the mediator's fee a reasonable and necessary expense of litigation and should be awarded. *See Berkoben*, 2014 U.S. Dist. LEXIS 97664, *68.

### D. Fees for this Reply Should Also Be Awarded.

Insofar as the time spent preparing the fee petition is also compensable, *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 924 (3d Cir. 1985), Plaintiff seeks an additional 13.50 hours for this reply. (Exhibit H, Brett Decl. ¶4). With adjustments, Plaintiffs seeks fees in the amount of $245,586.00. (*Id.* ¶4).

### Conclusion

For the reasons set forth above and in Plaintiff's Brief in Support of Motion for Attorneys' Fees and Costs, Plaintiff respectfully requests that this Court award attorneys' fees in the amount of $245,586.00 and expenses in the amount of $9,590.34 in this litigation.

Date: October 16, 2024

s/ *Tybe A. Brett*
Tybe A. Brett, Esq. (PA 30064)
Feinstein Doyle Payne & Kravec, LLC
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA  15219
Telephone: 412-281-8400
Fax: 412-281-1007
tbrett@fdpklaw.com

s/ *Benjamin W. Glass, III*
Benjamin W. Glass, III, Esq. (VSB 23152)
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
Telephone: 703-591-9829
Fax: 703-783-0686
Ben@BenGlassLaw.com

*Attorneys for Plaintiff*                    *Admitted Pro Hac Vice*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF Notification System, this 16th day of October, 2024.

/s *Tybe A. Brett*