IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case 2:20-cv-1883-NR |
| v. | ) | |
| | ) | |
| THE CONSOL ENERGY, INC. LONG | ) | |
| TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

---

William P. Lewis (PA 316527)
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-4413
Telephone:  412-562-8800
Fax:  412-562-1041
william.lewis@bipc.com

*Attorney for Defendant*

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ........................................................................................................... 2

III. LEGAL STANDARD..................................................................................................... 4

IV.  ARGUMENT ................................................................................................................. 5

    A.  The Court should deny Mr. Mullins's request for attorneys' fees and costs. .................... 5

        1.  Factor 1: There was no bad faith or culpable conduct. ................................................. 5

        2.  Factor 2: Ability-to-pay is not at issue here.................................................................. 7

        3.  Factor 3: An award of attorneys' fees will not have a deterrent effect......................... 7

        4.  Factor 4: No benefit will be conferred on other plan members. ................................... 8

        5.  Factor 5: This Court already agreed Consol's position had merit. ............................... 8

    B.  If the Court awards fees, it should significantly reduce the award................................... 9

        1.  Mr. Mullins cannot recover local counsel fees. .......................................................... 10

        2.  The Court should reduce the award for hours not reasonably expended, including
            excessive hours, duplicative work, and non-compensable administrative tasks. ....... 11

            a.  Excessive Hours.................................................................................................. 11

            b.  Duplicative Work................................................................................................ 14

            c.  Administrative Tasks .......................................................................................... 15

        3.  The Court should disallow recovery of the costs of mediation. ................................. 17

V.   CONCLUSION............................................................................................................. 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. NCO Fin. Sys., Inc.*,
  2011 WL 2415156 (E.D. Pa. June 16, 2011) ...........................................................................14

*Askew v. R.L. Reppert, Inc.*,
  2020 WL 4050605 (E.D. Pa. July 17, 2020) .............................................................................7

*Asprino v. Indep. Blue Cross/Pennsylvania Blue Shield*,
  1998 WL 96447 (E.D. Pa. Mar. 3, 1998)...................................................................................7

*Bd. of Trustees of Greater Pennsylvania Carpenters' Med. Plan v.*
  *Schwartzmiller*,
  2021 WL 679988 (W.D. Pa. Feb. 22, 2021) ..............................................................................4

*Bear Mountain Orchards, Inc. v. Liberty Foods, Inc.*,
  2007 WL 9813077 (E.D. Pa. Nov. 28, 2007) ...........................................................................10

*Berkoben v. Aetna Life Ins. Co.*,
  2014 WL 3565959 (W.D. Pa. July 18, 2014) .....................................................................11, 14

*Branca v. Liberty Life Assur. Co. of Bos.*,
  2014 WL 2003046 (E.D. Pa. May 15, 2014) .............................................................................6

*Brown v. Cont'l Cas. Co.*,
  2005 WL 1949610 (E.D. Pa. Aug. 11, 2005) ............................................................................7

*Digiacomo v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity*,
  154 F. App'x 312 (3d Cir. 2005) ...............................................................................................5

*Evans v. Port Auth. of N.Y. & N.J.*,
  273 F.3d 346 (3d Cir. 2001)......................................................................................................9

*Hahnemann Univ. Hospital v. All Shore Inc.*,
  514 F.3d 300 (3d Cir. 2008)......................................................................................................9

*Heffernan v. UNUM Life Ins. Co. of Am.*,
  101 F. App'x 99 (6th Cir. 2004) ...............................................................................................5

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983)...............................................................................................................9, 10

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
  426 F.3d 694 (3d Cir. 2005)......................................................................................................9

*Kairys v. S. Pines Trucking, Inc.*,
  2022 WL 1457786 (W.D. Pa. May 9, 2022) (Ranjan, J.) ........................................................16

*Kairys v. S. Pines Trucking, Inc.*,
  595 F. Supp. 3d 376 (W.D. Pa. 2022) ...................................................................................7

*Kengerski v. Cnty. of Allegheny*,
  2023 WL 3688222 (W.D. Pa. May 26, 2023) (Ranjan, J.) ....................................................16

*Klein v. Colvin*,
  2016 WL 3654458 (M.D. Pa. July 8, 2016) ...........................................................................14

*Loughner v. Univ. of Pittsburgh*,
  260 F.3d 173 (3d Cir. 2001) ..................................................................................................9

*McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*,
  33 F.3d 253 (3d Cir. 1994) .......................................................................................4, 5, 7, 8

*Moskalski v. Bayer Corp.*,
  2008 WL 3914273 (W.D. Pa. Aug. 25, 2008) .........................................................................5

*Mullins v. Consol Energy, Inc. Long Term Disability Plan*,
  110 F.4th 180 (3d Cir. 2024) .................................................................................................3

*Pub. Int. Research Grp. of N.J., Inc. v. Windall*,
  51 F.3d 1179 (3d Cir. 1995) ..................................................................................................9

*Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Tr.
  v. Castellano*,
  164 F. Supp. 3d 705 (E.D. Pa. 2016) ...............................................................................13, 14

*Rode v. Dellarciprete*,
  892 F.2d 1177 (3d Cir. 1990) .......................................................................................8, 9, 10

*Schake v. Colt Indus. Operating Corp. Severance Plan*,
  960 F.2d 1187 (3d Cir. 1992) .................................................................................................4

*Small v. First Reliance Standard Life Ins. Co.*,
  2005 WL 1041198 (E.D. Pa. May 4, 2005) .............................................................................6

*Smith v. Contini*,
  2003 WL 22734320 (D.N.J. Aug. 19, 2003) ...........................................................................7

*Stein v. Paul Reverse Life Ins. Co.*,
  661 F. Supp. 3d 378 (E.D. Pa. 2023) .....................................................................................6

*Taormina v. Heritage Env't Servs., Inc.*,
  2017 WL 3912353 (W.D. Pa. Sept. 5, 2017) .........................................................................14

*Templin v. Indep. Blue Cross*,
 785 F.3d 861 (3d Cir. 2015)..................................................................................4, 5

*Ursic v. Bethlehem Mine*s,
 719 F.2d 670 (3d Cir. 1983)..........................................................................4, 7, 8, 11

*Viera v. Life Ins. Co. of N. Am.*,
 2013 WL 3199091 (E.D. Pa. June 25, 2013) ............................................................6

*Walker v. Gruver*,
 2013 WL 5947623 (M.D. Pa. Nov. 5, 2013) ....................................................11, 13

*Work v. Hartford Life and Acc. Ins. Co.*,
 2007 WL 3287392 ...................................................................................................5, 6

**Statutes**

29 U.S.C. § 1132(g)(1) ....................................................................................................1, 4

**Other Authorities**

*Black's Law Dictionary* (6th ed. 1990)...............................................................................5

I.    **<u>INTRODUCTION</u>**

This case is an ERISA benefits dispute in which Timothy Mullins contended that he was entitled to reinstatement of his long-term disability benefits. In response, Consol argued that the administrative decision of its plan administrator, Lincoln Life Assurance Company of Boston, terminating benefits should be upheld under the deferential abuse of discretion standard. "After carefully reviewing the parties' arguments, the administrative record, and the relevant caselaw, the Court agree[d] with Consol" and granted summary judgment in its favor. ECF No. 33 at 1. On appeal, however, the Third Circuit reversed and remanded for reinstatement of benefits.

Mr. Mullins now seeks an award of attorneys' fees in the amount of $243,568.50 and costs in the amount of $9,590.34 under 29 U.S.C. § 1132(g)(1). As explained more fully below, this Court should deny his motion or, in the least, significantly reduce any award of fees and costs.

**<u>First</u>**, while this Court has discretion to award fees under 29 U.S.C. § 1132(g)(1), there are no "exceptional circumstances" here warranting an award of fees. The two primary factors that courts consider in awarding fees under ERISA—the existence of bad faith or culpability and the relative merits of the parties' positions—both weigh against awarding fees here. As this Court itself recognized in granting summary judgment for Consol, its conduct—the mistaken identification of Mr. Mullins' job title on a vocational assessment report—was far from culpable. And its position throughout these proceedings, though ultimately unsuccessful before the Third Circuit, was well supported by the administrative record and the relevant case law. Accordingly, this Court should exercise its discretion and not award fees and costs.

**<u>Second</u>**, if the Court does award fees and costs, the total amount should be reduced. Mr. Mullins should not be permitted to recover local counsel fees because there is no evidence that he could not have simply retained forum counsel to begin with to handle the entire case. Moreover, any award should be reduced or eliminated to reduce or eliminate excessive, unreasonable, and

duplicative time entries and time billed for administrative tasks. Finally, because the parties agreed to split the mediation costs 50/50 at the outset of the case, the Court should not allow Mr. Mullins to recover the costs of mediation.

## II.   <u>BACKGROUND</u>

Plaintiff filed this action on December 4, 2020, seeking benefits under the Consol LTD plan, which was administered by Lincoln as claims administrator. *See generally* ECF No. 1. In June and July 2021, the parties filed cross-motions for summary judgment. ECF Nos. 20, 28. As this Court explained in its Memorandum Opinion granting Consol's motion for summary judgment:

> [t]he central question in this case is whether Mr. Mullins can perform "any suitable employment." Lincoln concluded that he could – specifically, certain sedentary work – and therefore denied Mr. Mullin's long-term disability benefits under the plan. To be able to perform "any suitable employment" Mr. Mullins must have (1) the physical capability, and (2) the relevant vocational education, training, and experience.

ECF No. 33 at 2.

Addressing these requirements in turn, this Court first concluded that substantial evidence supported Lincoln's findings regarding Mr. Mullins's disability. *Id.* Next, this Court concluded that "Lincoln had substantial evidence to support its conclusion that Mr. Mullins had the training and skills for suitable sedentary employment." *Id.* at 8. This Court reached that conclusion even though "the 2019 vocational report used an incorrect job title for Mr. Mullins[,]" "refer[ring] to him as a Mine Superintendent rather than a Section Supervisor or Foreman." *Id.* at 7.

<u>First,</u> the Court highlighted the plan language, observing that the plan administrator "has sole discretion to determine 'suitable employment'" under the plan. *Id.* at 6. Against this backdrop, the Court observed that Lincoln "did not baldly assert that 'Mr. Mullins could perform some sedentary work somewhere' and end the matter." *Id.* But rather, Lincoln "hired a vocational

specialist to examine his skills and qualifications" and render an assessment regarding the availability of suitable employment for Mr. Mullins. *Id.*

Second, the Court deemed the misidentification of Mr. Mullins' job title in the 2019 vocational report to be immaterial, as Lincoln "still based its decision on substantial evidence about Mr. Mullin's actual capabilities and job training and experience." *Id*. at 6. As this Court observed, "an earlier 2016 vocational analysis used his correct former job title and description, and thus generated other suggested positions—a Transportation-Maintenance Supervisor, Dispatcher, and Production Control Supervisor." *Id.* "The 2016 report also described a phone call the vocational analyst had with Mr. Mullins, in which he described his exact job duties, certifications, and work history." *Id.* "The Court [found] that reliance on the earlier report is proper because, importantly, the 2019 report specifically indicated that the vocational analyst reviewed the 2016 report." *Id.* As this Court concluded, the 2016 report is material to the benefits determination at issue because (1) "both reports describe Mr. Mullins experience and skill in largely the same way[,]" and (2) "even if Mr. Mullins was right that Lincoln considered the wrong job title in 2019 and identified positions for which he wasn't suitable, there is no dispute that the 2016 report identified suitable positions, which would have been appropriate for Mr. Mullins even in 2019." *Id.* at 7-8.

Mr. Mullins appealed, and the Third Circuit reversed and remanded for the reinstatement of benefits because, in its view, Lincoln's decision to terminate benefits was an abuse of discretion. *Mullins v. Consol Energy, Inc. Long Term Disability Plan*, 110 F.4th 180, 183 (3d Cir. 2024). Notably, the Third Circuit agreed with this Court's determination that substantial medical evidence supports Lincoln's findings regarding Mr. Mullins' disability. The Third Circuit, however, held that "Lincoln's reliance on an erroneous vocational report was arbitrary and capricious." *Id.* at 189.

Upon remand, this Court vacated its prior judgment and entered summary judgment in favor of Mr. Mullins and against Consol on the issue of Mr. Mullins's entitlement to LTD benefits. ECF No. 39. Thereafter, the Court ordered the parties to confer on the issue of the Social Security offset and file a joint status report by August 13, 2024, which deadline was extended to September 12, 2024, upon joint request of the parties. ECF No. 40.

On September 12, 2024, the parties filed a joint status report advising the Court that "the parties have agreed on the amount due to Mr. Mullins on the issue of his entitlement to long-term disability benefits and have achieved a non-judicial resolution of the Social Security offset issue." ECF No. 43 at 1. That same day, Mr. Mullins asked the Court to enter a scheduling order on his motion for attorneys' fees and costs, which the Court entered. ECF Nos. 44, 46. Mr. Mullins's motions for attorneys' fees and costs followed on September 26, 2024.

III.    **LEGAL STANDARD**

An award of attorneys' fees under ERISA is discretionary. *See McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 256 (3d Cir. 1994) (citing *Schake v. Colt Indus. Operating Corp. Severance Plan*, 960 F.2d 1187, 1190 (3d Cir. 1992)). The statute expressly provides that "the court *in its discretion may allow* a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). As the Third Circuit has emphasized, "there is no presumption that a successful plaintiff in an ERISA suit should receive an award in the absence of exceptional circumstances." *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 254 (3d Cir. 1994).

"[T]he Third Circuit has set forth a two-part test to establish a party's entitlement to an award of fees and costs[.]" *Bd. of Trustees of Greater Pennsylvania Carpenters' Med. Plan v. Schwartzmiller*, 2021 WL 679988, at *6 (W.D. Pa. Feb. 22, 2021) (citing *Templin v. Indep. Blue Cross*, 785 F.3d 861, 864 (3d Cir. 2015)). "First, the Court must find that the moving party is

4

eligible for such an award by showing 'some degree of success on the merits.'" *Id.* "Second, the Court must evaluate each of the following five factors from *Ursic v. Bethlehem Mines*, to determine if it should exercise its discretion to grant or deny fees." *Id.* Those factors include:

> (1) the offending part[y]'s culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions."

*Templin v. Indep. Blue Cross*, 785 F.3d 861, 867 (3d Cir. 2015) (citing *Ursic v. Bethlehem Mine*s, 719 F.2d 670, 673 (3d Cir. 1983)). "These factors are flexible guidelines, and no single factor is determinative, but each must be considered." *Schwartzmiller*, 2021 WL 679988, at *6.

## IV.   ARGUMENT

### A.   The Court should deny Mr. Mullins's request for attorneys' fees and costs.

#### 1.   Factor 1: There was no bad faith or culpable conduct.

"A party is not culpable merely because it has taken a position that did not prevail in litigation." *McPherson*, 33 F.3d at 257. Likewise, "[a]n arbitrary and capricious denial of benefits does not necessarily equal culpability or bad faith." *Moskalski v. Bayer Corp.*, 2008 WL 3914273, at *1 (W.D. Pa. Aug. 25, 2008) (quoting *Heffernan v. UNUM Life Ins. Co. of Am.*, 101 F. App'x 99, 109 (6th Cir. 2004)). To rise to that level, the conduct must be "more than simple negligence." *McPherson*, 33 F.3d at 257 (quoting *Black's Law Dictionary* (6th ed. 1990)). Rather, "[a] party is culpable if it is 'blamable; censurable [or] at fault.'" *Templin*, 785 F.3d at 868 (quoting *McPherson*, 33 F.3d at 257). Although culpable conduct "need not involve 'malice or a guilty purpose[,]'" it still must be "'reprehensible or wrong.'" *Id.* (quoting *McPherson*, 33 F.3d at 257).

Here, it can hardly be said that Consol's conduct was culpable, let alone bad faith. Consol prevailed on its motion for summary judgment before this Court, with this Court expressly agreeing with Consol's position. As the Court concluded, Lincoln's "reliance on the earlier report

5

[was] proper because, importantly, the 2019 report specifically indicated that the vocational analyst (who concluded that alternative suitable employment exists for Mr. Mullins) reviewed the 2016 report." ECF No. 33 at 8. The misidentification of Mr. Mullins' job title in the 2019 report was a "mistake" that, in this Court's view, had no material impact on the assessment outcome. *Id*.

While Mr. Mullins ultimately prevailed on appeal, the evolution of Consol's review (*i.e.*, two vocational reviews, with one *correctly* identifying Mr. Mullins' job title) and Consol's success before this Court negates any suggestion of culpability. *See Digiacomo v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity*, 154 F. App'x 312, 313 (3d Cir. 2005) (finding no culpability or bad faith where "the Fund prevailed before the Arbitrator and the District Court in the proceedings below"). For example, in *Work v. Hartford Life and Accident Insurance Co.*, the district court granted summary judgment for the defendant, finding that its termination of the plaintiff's benefits was not arbitrary and capricious. 2007 WL 3287392, at *1. The Third Circuit reversed, concluding that the denial was, in fact, arbitrary and capricious. *Id.* Nevertheless, upon remand, the trial court denied the plaintiff's request for fees. *Id.* at *2. Even though the Third Circuit found the denial arbitrary and capricious, the district court correctly determined that the defendant did not act in bad faith, nor was its "conduct … sufficiently culpable to weigh in favor of an award of attorneys' fees and costs." *Id.*

So, too, here. If anything, Consol's conduct could be viewed as negligent, insofar as the decision was *mistakenly* based on an incorrect job title in the vocational report. In the Third Circuit's view, this resulted in an arbitrary and capricious denial of benefits. Even so, that doesn't rise to the level of bad faith or culpability, as more than an error or negligence is required to support an award of fees. *See, e.g.*, *Branca v. Liberty Life Assur. Co. of Bos.*, 2014 WL 2003046, at *2 (E.D. Pa. May 15, 2014) (concluding that, although the court found the "defendant's decision to

6

be arbitrary and capricious," that was not enough to tip the first factor in the plaintiff's favor); *Viera v. Life Ins. Co. of N. Am.*, 2013 WL 3199091, at \*3 (E.D. Pa. June 25, 2013) (declining to award fees because "[a]t best, denying this specific claim was negligent" but did "not rise to the level of bad faith or culpability"); *Stein v. Paul Reverse Life Ins. Co.*, 661 F. Supp. 3d 378, 391-92 (E.D. Pa. 2023) (declining to award fees where the defendant's "interpretation of its policy language was reasonable"); *Small v. First Reliance Standard Life Ins. Co.*, 2005 WL 1041198, at \*1 (E.D. Pa. May 4, 2005) (holding that although the decision to deny benefits was "on several procedural irregularities,[] their actions were not made in bad faith or with sufficient culpability to award [the plaintiffs] attorneys' fees"). As a result, the first factor weighs against awarding fees.

### 2.    Factor 2: Ability-to-pay is not at issue here.

While Consol does not dispute its ability to pay, that factor alone does not justify an award of fees and costs. Therefore, the second factor does not move the needle either way in this case.

### 3.    Factor 3: An award of attorneys' fees will not have a deterrent effect.

The third *Ursic* factor requires courts to consider "whether it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which [the defendant] engaged." *McPherson*, 33 F.3d at 258. Consol's conduct was, at most, negligent. "For deterrence to be effective, however, the conduct to be deterred must have been undertaken knowingly." *Askew v. R.L. Reppert, Inc.*, 2020 WL 4050605, at \*4 (E.D. Pa. July 17, 2020) (quoting *Smith v. Contini*, 2003 WL 22734320, at \*3 (D.N.J. Aug. 19, 2003)).

In his brief, Mr. Mullins argues that "[a]n award of attorneys' fees here will deter the Plan and other plan administrators . . . who deliberately misconstrue a claimant's job abilities to avoid paying benefits." ECF No. 48 at 4. This case, however, does not involve the deliberate mischaracterization of Plaintiff's job duties. Mr. Mullins' never argued deliberate mischaracterization. Instead, he repeatedly referred to the misidentification in the 2019 vocational

7

report as a "mistaken determination" by Lincoln, ECF No. 30 at 6, 20, and, as he phrased it on appeal, an "error during the administrative process," Case No. 22-2930, Doc. 14 at 44. Likewise, both the Third Circuit and this Court consistently referred to the job title misidentification in the 2019 report as an "error" and/or a "mistake." Nor would it make sense for Lincoln to mischaracterize Mr. Mullins' job title in the 2019 report, given that just three years prior, Lincoln *correctly* identified his job title in a 2016 report, which, like the 2019 report, concluded that alternative suitable employment existed for Mr. Mullins.

Because neither this Court nor the Third Circuit found that Consol engaged in any knowing misconduct, ordering Consol to pay fees in this case will have no deterrent effect. Thus, this factor does not support an award of fees.

### 4.     Factor 4: No benefit will be conferred on other plan members.

No common benefit will be conferred upon a class. Instead, only Mr. Mullins and his counsel would benefit from an award for attorneys' fees. Thus, this factor is "inapplicable or neutral here." *Kairys v. S. Pines Trucking, Inc.*, 595 F. Supp. 3d 376, 392 (W.D. Pa. 2022); *see also Brown v. Cont'l Cas. Co.*, 2005 WL 1949610, at *2 (E.D. Pa. Aug. 11, 2005) (finding that the "fourth factor, benefit to members of the ERISA plan as a whole, does not obviously support a fee award" because the plaintiff's suit sought to restore only her own, individual benefits, and did not seek relief on behalf of the plan, or an official change in policy that would affect other claimants").

### 5.     Factor 5: This Court already agreed Consol's position had merit.

The fifth factor is "closely related to the first factor[.]" *Asprino v. Indep. Blue Cross/Pennsylvania Blue Shield*, 1998 WL 96447, at *4 (E.D. Pa. Mar. 3, 1998). Consol acknowledges, as it must, that the Court ultimately entered judgment in Mr. Mullins's favor following remand from the Third Circuit, which found the denial of benefits to be arbitrary and

capricious. But, "[a]s with the first factor, the fact that [Consol's] positions have not been sustained does not alone put the fifth factor in the column favoring an award." *McPherson*, 33 F.3d at 258.

Even though it ultimately lost on appeal, Consol's position in this case was plainly not without merit. At summary judgment, this Court itself "agree[d] with Consol." ECF No. 33 at 1. As this Court explained, consistent with Consol's position, "reliance on the earlier report [was] proper because, importantly, the 2019 report specifically indicated that the vocational analyst reviewed the 2016 report." *Id.* In the Court's view, that was significant because (1) "both reports describe Mr. Mullins experience and skill in largely the same way[,]" and (2) "even if Mr. Mullins was right that Lincoln considered the wrong job title in 2019 and identified positions for which he wasn't suitable, there is no dispute that the 2016 report identified suitable positions, which would have been appropriate for Mr. Mullins even in 2019." *Id.* at 7-8. To be sure, the Third Circuit disagreed. But that does not mean that Consol's position was so unmeritorious to justify an award of fees and costs in this case. Thus, this factor does not weigh in favor of an award.

***

In sum, based on consideration of the *Ursic* factors, no fees and costs should be awarded to Mr. Mullins. There was no bad faith or culpable conduct, no deterrent effect will be achieved through an award based on the facts here, and Mr. Mullins's position, though ultimately successful, was only slightly more meritorious than Consol's position throughout this litigation.

  **B.**  **If the Court awards fees, it should significantly reduce the award.**

If the Court decides to award certain fees and costs to Plaintiff and her counsel, those fees must be reasonable and not excessive. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "The party seeking attorney[s'] fees has the burden to prove that its request for attorney[s'] fees is reasonable." *Id.*

9

The lodestar approach provides "[a] useful starting point for determining the reasonableness of the fee is the lodestar calculation." *Hahnemann Univ. Hospital v. All Shore Inc.*, 514 F.3d 300, 310 (3d Cir. 2008). "Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate."[1] *Id.* "The lodestar is presumed to be the reasonable fee," but the "court has the discretion to make certain adjustments to the lodestar." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). The court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) (quoting *Pub. Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). The court must exclude any hours that "were not reasonably expended" from the fee calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine if the hours spent are reasonable, the court must "'go line, by line, by line' through the billing records supporting the fee request." *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001).

### 1.   Mr. Mullins cannot recover local counsel fees.

As the Third Circuit has made clear, "a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, ***or the costs of local counsel***," unless the plaintiff was unable to obtain forum counsel. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005) (emphasis added). Although Mr. Mullins resides in Virginia, he has made no effort to explain why he could not have obtained counsel from Pittsburgh, where the forum-selection clause in Consol's plan documents required him to bring suit. In fact, Attorney Brett's representation of Mr. Mullins confirms that forum counsel *was* available to him. He could

---

[1] Consol does not challenge the hourly rates requested by Mr. Mullins's counsel.

have hired Attorney Brett to handle the entire case, as, according to her declaration, her "practice is not confined to the Western District of Pennsylvania, and [she has] been sought out to represent individual ERISA plaintiffs in other jurisdictions." ECF No. 47-4 at 5. Thus, all 91.30 hours attributed to Attorney Brett as local counsel (totaling $58,888.50) should be disallowed. *See, e.g.*, *Bear Mountain Orchards, Inc. v. Liberty Foods, Inc.*, 2007 WL 9813077, at *2 (E.D. Pa. Nov. 28, 2007) (denying fee petition "as to the $9,499.16 in local counsel fees").

**2.     The Court should reduce the award for hours not reasonably expended, including excessive hours, duplicative work, and non-compensable administrative tasks.**

Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, the time sheets are replete with examples of unreasonable entries, which fall into the following categories: excessive hours; duplicative work; and non-compensable administrative tasks.

**a.     Excessive Hours**

The hours expended by counsel must be reasonable, and the party seeking the fees has the burden to establish reasonableness. *Hensley*, 461 U.S. at 432; *Rode*, 892 F.2d at 1183. Here, a number of Mr. Mullins's attorneys' time entries are excessive.

***Review of claim File:*** Attorney Glass billed 21.5 hours, totaling $12,900.00, to reviewing the claim file. This amount is excessive, particularly given Attorney Glass's apparent skill and expertise, and should be reduced by half.

***Basic Legal Research:*** The time entries reflect that 8.8 hours, totaling $5,280.00, were spent conducting basic legal research, including "legal research of 3rd circuit overview of ERISA disability cases," "ERISA LTD cases filed in WDPA to understand form and processes of cases in that District Court," and "general 3rd Circuit and case specific research on ERISA LTD cases, summary judgment, special rules, etc." *Id.* "Generally, the higher the hourly rate charged by an

11

attorney based upon his or her skill and experience, the shorter the time it should take him or her to perform a particular task." *Walker v. Gruver*, 2013 WL 5947623, at *12 (M.D. Pa. Nov. 5, 2013). According to his declaration, Attorney Glass has been practicing law since 1983 and began handling ERISA cases in the late 1990s. Given that level of experience, he should be well acquainted with the basics of ERISA litigation and should not need to undertake 8.8 hours conducting basic research. As the Third Circuit has explained, "[a] fee applicant cannot demand a high hourly rate—which is based on his or her experience, reputation, and a presumed familiarity with the applicable law—and then run up an inordinate amount of time researching that same law." *Ursic*, 719 F.2d at 677. Thus, this time should be reduced by half. *See, e.g.*, *Berkoben v. Aetna Life Ins. Co.*, 2014 WL 3565959, at *16 (W.D. Pa. July 18, 2014) (reducing "hours billed for researching ERISA case law" given attorney's "professed expertise and experience litigating ERISA actions").

***Summary Judgment Briefing:*** Attorney Glass spent 85.80 hours, totaling $51,480, on summary judgment briefing. This is excessive and unreasonable in light of the relatively straightforward issues in this case and Attorney Glass's professed expertise in ERISA law.

In addition, Glass's timesheet includes five entries related to his summary judgment brief on July 2, 5, and 6—*after* the motion was already filed on June 15, 2021:

| Date | Staff | Time | Rate | Amount | Description |
|------|-------|------|------|--------|-------------|
| 7/2/2021 | Benjamin W. Glass, III | 1.20 | $600 | $720.00 | Initial brief argument: consol duty to its miners finalize |
| 7/2/2021 | Benjamin W. Glass, III | 0.80 | $600 | $480.00 | Initial brief argument: no consideration of SSDI finding finalize section |
| 7/5/2021 | Benjamin W. Glass, III | 1.50 | $600 | $900 | Initial brief |

12

| Date | Staff | Time | Rate | Amount | Description |
|------|-------|------|------|--------|-------------|
| | | | | | argument: no explanation of why it chose its own reviewers finalize section |
| 7/5/2021 | Benjamin W. Glass, III | 1.0 | $600 | $600 | Initial brief argument: improper offset finalize section |
| 7/6/2021 | Benjamin W. Glass, III | 0.90 | $600 | $540 | Initial brief - conclusion |

Because Attorney Glass offers no explanation why he was still drafting the brief after it had already been filed, all of this time (5.4 hours totaling $3,240) should be eliminated, while the remainder of the time spent on summary judgment ($42,240.00) should be reduced by half.

*Miscellaneous Excessive Entries:* In addition, Attorney Glass's timesheet includes numerous entries where he spent excessive time reviewing routine—and, in most cases, one-page—filings and orders, such as entries of appearance and notices issued by the Third Circuit. These entries (2 hours, totaling $1,200) should be reduced by half:

| Date | Staff | Time | Rate | Amount | Description |
|------|-------|------|------|--------|-------------|
| 10/28/2022 | Benjamin W. Glass, III | 0.10 | $600 | $60.00 | Review Entry of Appearance from William P. Lewis |
| 10/28/2022 | Benjamin W. Glass, III | 0.10 | $600 | $60.00 | Review Entry of Appearance from Erin J. McLaughlin |
| 10/28/2022 | Benjamin W. Glass, III | 0.10 | $600 | $60.00 | Review Disclosure Statement from Consol |
| 11/3/2022 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Review Notice of Counsel |
| 6/23/2023 | Benjamin W. Glass, III | 0.20 | $600 | $120.00 | Review ECF notice that case calendared for 9/14/23; blocked off calendar |
| 8/18/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Review Oral |

13

| Date | Staff | Time | Rate | Amount | Description |
|------|-------|------|------|--------|-------------|
| | | | | | Argument Notification for Wednesday 9/13/2023 |
| 8/28/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Review TEXT ONLY ORDER |
| 9/13/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Review CLERK'S LETTER to counsel written at the direction of the court re: 28j letters |
| 3/21/2024 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Review order granting motion to seal |

### b.    Duplicative Work

As set forth above, all of Attorney Brett's fees as local counsel should be disallowed. If, however, the Court is not inclined to disallow such fees wholesale, any fee award must still be reduced if "attorneys are unreasonably doing the same work." *Walker v. Gruver*, 2013 WL 5947623, at *6 (M.D. Pa. Nov. 5, 2013). Although "[i]t is not necessarily unreasonable for senior attorneys to review the work of less experienced associates[,] … when senior attorneys review each other's work and both bill at high hourly rates, it may be unreasonable to charge for both senior attorneys at the same rate and for the same number of hours." *Id.* (citations omitted). Although it appears that Attorney Glass and Attorney Brett did at least attempt not to duplicate some aspects of the work, they still unreasonably duplicated their efforts on certain tasks.

Attorneys Glass and Brett both attended and billed for the unsuccessful mediation on April 29, 2021, which was not necessary. The 2 hours (totaling $1,290) billed by Attorney Brett should be disallowed. *Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Tr. v. Castellano*, 164 F. Supp. 3d 705, 717 (E.D. Pa. 2016) (eliminating time billed by junior attorney

14

to attend settlement conference with more senior attorney); *Berkoben*, 2014 WL 3565959, at *17 (disallowing hours billed by second attorney at settlement conference).

Attorney Glass billed 42.4 hours, totaling $25,440.00, drafting the opening brief in the Third Circuit, while Attorney Brett billed an additional 19.5 hours, totaling $12,577.50, to researching and editing the opening brief. There is no explanation for this clear and unnecessary duplication of efforts. Therefore, all of Attorney Brett's time should be disallowed. Similarly, Attorney Glass billed 33.7 hours drafting the reply brief on appeal, and Attorney Brett billed an additional 23.3 hours "research[ing] and draft[ing]" the reply. Again, there is no explanation for this duplication of efforts. So, all of Attorney Brett's time spent on drafting the appellate briefs (42.8 hours, totaling $27,606.00) should be eliminated, as well.

### c.    Administrative Tasks

Generally, "time that would not be billed to a client cannot be imposed on an adversary." *Castellano*, 164 F. Supp. 3d at 719 (quoting *Alexander v. NCO Fin. Sys., Inc.*, 2011 WL 2415156, at *6 (E.D. Pa. June 16, 2011)). "[A]ny number of courts 'regularly disallow attorney fees for administrative and clerical tasks which could otherwise be performed by support staff, including, *inter alia*, filing documents, preparing service packets, and completing or reviewing pro hac vice paperwork.'" *Taormina v. Heritage Env't Servs., Inc.*, 2017 WL 3912353, at *6 (W.D. Pa. Sept. 5, 2017) (quoting *Klein v. Colvin*, 2016 WL 3654458, at *4 (M.D. Pa. July 8, 2016)).

Here, the timesheets include numerous entries for duties administrative tasks that are not compensable, totaling 5.6 hours and $3,360, all of which should be disallowed:

| Date | Staff | Time | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/10/2020 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Obtained Certificate of Good Standing from Virgina State Bar |

| Date | Staff | Time | Rate | Amount | Description |
|------|-------|------|------|--------|-------------|
| 1/8/2021 | Benjamin W. Glass, III | 0.50 | $600 | $300.00 | Filed correction motion for Admission |
| 6/9/2021 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Filed Motion to File Administrative Record Under Seal |
| 6/15/2021 | Benjamin W. Glass, III | 0.20 | $600 | $120.00 | Filed Motion for Summary Judgment |
| 6/15/2021 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Filed Brief in Support of Motion for Summary Judgment and 7 exhibits |
| 6/16/2021 | Benjamin W. Glass, III | 0.10 | $600 | $60.00 | Reviewed instructions from clerk regarding proposed order |
| 8/3/2021 | Benjamin W. Glass, III | 0.20 | $600 | $120.00 | reply brief filed |
| 10/25/2022 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Prepare and file entry of appearance for Benjamin W. Glass, III |
| 10/28/2022 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Prepare and file Civil Information Statement on behalf of Appellant |
| 10/28/2022 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Prepare and file Disclosure Statement on behalf of Appellant |
| 10/28/2022 | Benjamin W. Glass, III | 1.0 | $600 | $600.00 | Prepare and file Summary of the Case filed by Appellant |
| 10/28/2022 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Prepare and file Transcript Purchase Order Form, advising court that no transcripts are available |
| 2/15/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | File opening brief |
| 4/6/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | File reply brief |
| 6/27/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Prepare and file argument acknowledgment |
| 9/18/2023 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Filed 28(j) letter |

16

| Date | Staff | Time | Rate | Amount | Description |
|------|-------|------|------|--------|-------------|
| 7/11/2024 | Benjamin W. Glass, III | 0.30 | $600 | $180.00 | Filed Motion to Unseal Court's Opinion |

**3.    The Court should disallow recovery of the costs of mediation.**

In addition to requesting fees and certain other costs that Consol does not challenge, Mr. Mullins seeks to recover $1,312.50 in mediation costs. However, under the Court's early ADR program, the parties stipulated to split the costs of mediation 50/50. *See* ECF No. 14. As this Court has explained, "this is the equivalent of a mediation fee agreement, and it would violate the terms of that agreement (and the spirit of the ADR program) to allow any party to shift the fees to the other side at a later stage of the case." *Kengerski v. Cnty. of Allegheny*, 2023 WL 3688222, at *3 (W.D. Pa. May 26, 2023) (Ranjan, J.) (citing *Kairys v. S. Pines Trucking, Inc.*, 2022 WL 1457786, at *2 (W.D. Pa. May 9, 2022) (Ranjan, J.)). Thus, Mr. Mullins should not be permitted to recover $1,312.50 in mediation costs.

***

In sum, if the Court issues an award of fees and costs, it should be reduced as follows:

- *Local counsel fees***:** $58,888.50 in local counsel fees should be disallowed;

- ***Review of Claim File, Basic Legal Research, and Summary Judgment:*** $12,900.00 for reviewing the claim file, $5,280.00 for basic legal research, and $48,240.00 for summary judgment should be reduced by half, and further reduced by $3,240 (for fees billed on briefing after the motion for summary judgment was filed), for a total reduction of $36,450;

- ***Miscellaneous Excessive Entries:*** Entries where Attorney Glass spent excessive time reviewing routine—and, in most cases, one-page—filings and orders, such as entries of appearance and notices issued by the Third Circuit should be reduced by half, for a total reduction of $600;

- ***Duplicative Entries***: Assuming the Court allows some recovery for local counsel fees, Attorney Brett's duplicative entries for attendance at the mediation and appellate briefing should be disallowed, for a total reduction of $28,896;

17

- ***Administrative Tasks:*** $3,360 for administrative tasks should be disallowed; and

- ***Mediation Costs:*** $1,312.50 in mediation costs should be disallowed.

Based on the foregoing, if the Court disallows recovery of local counsel fees, it should reduce the amount of recoverable fees to $144,270.00 ($243,568.50 – $99,298.50). If the Court does not totally disallow recovery for local counsel fees, it should nonetheless reduce the amount of recoverable fees to $174,262.50 ($243,568.50 – $69,306.00). In either case, costs should be limited to $8,277.84 ($9,590.34 – $1,312.50).

## V.    **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Motion for Attorneys' Fees and Costs or significantly reduce any award of fees and costs in the manner set forth above.

Date:  February 24, 2025                               Respectfully submitted,

*/s/ William P. Lewis*
William P. Lewis (PA 316527)
william.lewis@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-4413
Telephone:  412-562-8800
Fax:  412-562-1041
*Attorney for Defendant*

18