**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TIMOTHY MULLINS,            )
                               )
        Plaintiff,             )
                               )    2:20-CV-1883
    v.                              )
                               )
THE CONSOL ENERGY, INC.      )
LONG TERM DISABILITY PLAN   )
                               )
        Defendant.        )

## <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff Timothy Mullins's motion for attorney's fees. ECF 47.

By way of background, the Court entered summary judgment in Mr. Mullins's favor on September 16, 2022. ECF 33; ECF 34; *Mullins v. Consol Energy, Inc. Long Term Disability Plan*, 628 F. Supp. 3d 589 (W.D. Pa. 2022) (Ranjan, J.), *vacated and remanded*, 110 F.4th 180 (3d Cir. 2024). Consol appealed to the Third Circuit. ECF 35. The Third Circuit vacated this Court's entry of summary judgment for Consol, and remanded the case for this Court to enter summary judgment in favor of Mr. Mullins and then for this Court to further consider Mr. Mullins's "claim that the Social Security offset was in error." *Mullins v. Consol Energy, Inc. Long Term Disability Plan*, 110 F.4th 180, 192 (3d Cir. 2024).

On remand, the Court, as instructed by the Third Circuit, entered summary judgment in favor of Mr. Mullins and ordered the parties to confer on the Social Security offset issue to see if a stipulation or agreement could be reached. ECF 39; ECF 40. The parties reached "a non-judicial resolution of the Social Security offset issue." ECF 43. Mr. Mullins then filed a motion for an order to schedule briefing on

his motion for attorney's fees, which the Court granted.  ECF 44; ECF 46.  The motion is now fully briefed and ready for disposition.  ECF 47; ECF 48; ECF 51; ECF 50.

After careful review, the Court **GRANTS** Mr. Mullins's motion, and awards his attorney's fees and costs, with certain reductions as explained below.

## I.    The Court will award fees under the *Ursic* framework.

In ERISA cases, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  A party seeking fees must show some degree of success on the merits.  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010).  The Third Circuit has set forth the following factors for district courts to consider when deciding a fee petition in an ERISA case: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deter[r]ent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions."  *Templin v. Indep. Blue Cross*, 785 F.3d 861, 867 (3d Cir. 2015) (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983).  "District courts are required to consider each of the *Ursic* factors."  *Templin*, 785 F.3d at 868.  "[T]he *Ursic* factors are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion."  *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004).  The Court takes up these factors now, as follows.

*First factor (culpability).*  "The first *Ursic* factor concerns the offending party's culpability or bad faith."  *Templin*, 785 F.3d at 868.  "In a civil context, culpable conduct is commonly understood to mean conduct that is" blamable, censurable, at fault, involves "the breach of a legal duty or the commission of a fault[,]" and involves more than simple negligence.  *McPherson v. Emps.' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 256-57 (3d Cir. 1994) (cleaned up).  Mr. Mullins

argues that this factor weighs in favor of a fee award because the Third Circuit found that Consol's denial of benefits was arbitrary and capricious.  ECF 48, pp. 9-10. Consol argues that its earlier success before this Court on summary judgment "negates any suggestion of culpability."  ECF 51, pp. 10-11.  The Court agrees with Mr. Mullins.

"A losing party may be culpable" even if it does not act with an ulterior motive, bad faith, or a sinister purpose, but a "party is not culpable merely because it has taken a position that did not prevail in litigation."  *McPherson*, 33 F.3d at 256-57. Consol cites to a few cases where courts didn't award fees on remand after a reversal by a circuit court, but those cases are distinguishable.  *Digiacomo v. Teamsters Pension Tr. Fund of Phila. & Vicinity*, 154 F. App'x 312, 313 (3d Cir. 2005) (involving "close and difficult" legal questions); *Work v. Hartford Life & Acc. Ins. Co.*, No. 04-2565, 2007 WL 3287392, at *2 (E.D. Pa. Nov. 5, 2007) (concluding that the plan's conduct was not sufficiently culpable because the Third Circuit "determined that the report of defendant's reviewing physician was deficient because it did not adopt the recommendations of plaintiff's treating physician in total and also because there was no additional evidence in support of the recommendations made therein").[1]

Here, even though Consol prevailed on summary judgment, the Third Circuit ultimately found that Consol's denial of benefits was arbitrary and capricious, and the Court's reasoning suggested that that denial crossed the line into culpable conduct.  *Mullins*, 110 F.4th at 191.  By way of example, the Third Circuit found it important that the claims administrator's denial did not give Mr. Mullins fair notice

---

[1] While *Work* appears to be relatively analogous to this case at first glance, the errors at issue by the claims administrator there appeared to be of a lesser degree, and the court acknowledged that the administrator "was not faulted for making misrepresentations nor procedural errors."  *Work*, 2007 WL 3287392, at *2.  As discussed below, the procedural errors (and their significance), as found by the Third Circuit, are what sets this case apart from *Work*.

that it was relying on information incorporated from the 2016 TSA.  *Id.* at 190.  The Third Circuit also found it important that the claims administrator had an opportunity to remedy the issue during the administrative appeal process, but instead "doubled down."  *Id.* at 190-91.  These actions amount to culpable conduct under the first *Ursic* factor, and, as such, the Court finds the first factor weighs in favor of a fee award.

*Second factor (ability to pay).*  The second factor "weighs in favor of awarding attorney's fees when the defendant's ability to satisfy the award is undisputed."  *Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 08-1463, 2011 WL 4565494, at *5 (W.D. Pa. Sept. 29, 2011) (Conti, J.); *see also Ellison v. Shenango Inc. Pension Bd.*, 956 F.2d 1268, 1277 (3d Cir. 1992) (holding that the district court should have resolved the second factor in the plaintiff's favor because the defendant did not dispute its ability to pay).  Consol doesn't dispute its ability to pay.  ECF 51, p. 12.  Thus, the Court finds this factor weighs in favor of a fee award.

*Third factor (deterrence).*  The third factor is "the deter[r]ent effect of an award of attorneys' fees against the offending parties[.]"  *Ursic*, 719 F.2d at 673.  Mr. Mullins argues that a fee award would have a deterrent effect here because it would deter Consol and other claims administrators from misconstruing a claimant's job title and responsibilities to avoid paying benefits.  ECF 48, p. 10.  Consol argues that an award of attorney's fees would not have a deterrent effect here because it did not engage in knowing misconduct.  ECF 51, pp. 12-13.

In considering this factor, district courts examine "whether it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which the [defendant] engaged."  *McPherson*, 33 F.3d at 258.  A fee award serves the objectives of ERISA if it would deter further arbitration and capricious denials of benefits.  *Haisley*, 2011 WL 4565494, at *6.  At least one court has observed that "in the absence of knowledge, bad faith, or culpable conduct, the imposition of attorney's

fees would have no deterrent effect." *Askew v. R.L. Reppert, Inc.*, No. 11-4003, 2020 WL 4050605, at *5 (E.D. Pa. July 17, 2020).

Here, for the same reasons discussed as to the first factor, there is deterrent value of a fee award—*i.e.*, if a claims administrator incorporates by reference a prior document in the future, a fee award will incentivize it to ensure that that is clear in the denial letter; or if a claims administrator sees that error as part of the appeal process in the future, a fee award will incentivize it to investigate that issue further and correct any errors before they mature into litigation. Thus, the Court finds this factor weighs in favor of a fee award.

*Fourth factor (benefit to plan members).* The fourth factor is "the benefit conferred on members of the pension plan as a whole[.]" *Ursic*, 719 F.2d at 673. Mr. Mullins argues that this factor weighs in favor of a fee award because it will confer an indirect benefit to the plan members as a whole because the plan now knows it cannot misrepresent participants' job descriptions. ECF 48, p. 11. Consol argues that this factor is inapplicable or neutral because only Mr. Mullins and his counsel would benefit from an award for attorney's fees. ECF 51, p. 13. "[T]his factor is largely duplicative of the deterrence factor[.]" *Kairys v. S. Pines Trucking, Inc.*, 595 F. Supp. 3d 376, 392 (W.D. Pa. 2022) (Ranjan, J.), *aff'd*, 75 F.4th 153 (3d Cir. 2023). As such, the Court finds it is "inapplicable or neutral[.]" *Id.*

*Fifth factor (merits).* The fifth factor takes into account "the relative merits of the parties' position[s]." *Ursic*, 719 F.2d at 673. The fifth factor is "closely related" to the first factor. *Asprino v. Indep. Blue Cross/Pa. Blue Shield*, No. 96-7788, 1998 WL 96447, at *4 (E.D. Pa. Mar. 3, 1998). Mr. Mullins argues that this factor weighs in favor of a fee award because his position "was more meritorious" than Consol's position. ECF 48, p. 11. Consol argues that this factor weighs against a fee award because its position was successful at summary judgment, and so this case was a close call. ECF 51, pp. 13-14.

This Court finds that the fifth factor is met. That is, the Third Circuit's opinion controls, and the Third Circuit expressly found that this Court erred, and further went so far as to describe the claims administrator's errors as "error piled on error." *Mullins*, 110 F.4th at 191.[2] That is a strong indicator of the merits, and it weighs in favor of a fee award.

Considering all of the factors as a whole, and considering that the first, second, third, and fifth factors weigh in favor of a fee award, the Court will award Mr. Mullins his reasonable attorney's fees, subject to the reductions below.

## II.    The fee request will be reduced.

Having decided that Mr. Mullins is entitled to reasonable attorney's fees, the Court calculates the fees according to the lodestar method, which both parties agree is appropriate. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008); ECF 48; ECF 51. "Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." *Hahnemann*, 514 F.3d at 310. Consol does not challenge the reasonableness of Mr. Mullins's counsel's hourly rates (ECF 51, p. 15 n.1), and the Court independently finds the rates to be reasonable.[3] Consol does, however,

---

[2] As this Court acknowledged in its summary-judgment decision, the administrative record here was far from being error-free. *Mullins*, 628 F. Supp. 3d at 594. For example, even at summary judgment, Consol "concede[d] that the 2019" report was incorrect. *Id.*

[3] Mr. Mullins's counsel's hourly rates are $600 per hour for Attorney Glass, and $645 per hour for Attorney Brett. ECF 48, p. 15. These rates fall below the fee schedule established by the Philadelphia-based Community Legal Services, Inc. (CLS), which the Third Circuit has cited approvingly to and which this Court has referred to in resolving prior fee petitions, and are otherwise supported by Mr. Mullins's counsel's expertise. *See, e.g.*, *Kengerski v. Cnty. of Allegheny*, No. 17-1048, 2023 WL 3688222, at *2 (W.D. Pa. May 26, 2023) (Ranjan, J.); *Turkovich v. Sally Beauty Supply LLC*, No. 20-694, 2021 WL 767629, at *1 (W.D. Pa. Feb. 26, 2021) (Ranjan, J.).

challenge specific categories of fees and specific entries, which the Court now addresses.

### A.    Local counsel fees.

Consol argues that Mr. Mullins cannot recover fees for Attorney Brett because she was acting as "local counsel." The Court rejects this argument, and will not reduce all of Attorney Brett's fees.

Mr. Mullins (from Virginia) originally hired Attorney Glass (also from Virginia), as his lead counsel. ECF 50, p. 7. As he states in his reply brief, he was forced to retain local counsel in Pittsburgh (Attorney Brett) once he realized that the forum-selection clause required him to file here. *Id.*

"[U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation [here, Attorney Glass] may not be compensated for travel time, travel costs, or the costs of local counsel [Attorney Brett]" unless forum counsel was unwilling to represent the plaintiff. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005) (affirming district court's grant of fees for attorney who was "local counsel" because forum counsel was unwilling to represent the plaintiff). The Court finds that the "normal circumstances" do not apply here, for at least three reasons.

First, as represented by Mr. Mullins, the way this dispute arose—from Attorney Glass doing the work-up for the case before then realizing that the case had to be filed in this District—is a persuasive reason for him to retain an out-of-forum lead attorney, as opposed to a local attorney, in the first instance.

Second, Consol had some degree of control over this issue. That is, by contractually requiring a plan participant to file suit in Consol's home forum, it, in a sense, assumed the risk of this precise scenario—*i.e.*, a need for the plaintiff to obtain local counsel in a case where fee-shifting could occur.

Third, and mostly dispositive, it is not unreasonable for Mr. Mullins to have two attorneys here, and it is somewhat inconsequential where they reside.  Both attorneys have national ERISA practices.  Both provided substantive experience, and just as Consol had two attorneys, Mr. Mullins's use of two attorneys for this case was reasonable.  As such, the Court finds that Mr. Mullins can recover Attorney Brett's fees, subject to the reductions below.

**B.    Excessive hours, duplicative work, and non-compensable administrative tasks.**

Consol makes several specific objections, which the Court addresses in turn.

*Excessive hours.*  Consol argues that Attorney Glass billed excessive time for: (1) reviewing the claim file; (2) conducting basic legal research; (3) briefing summary judgment; and (4) reviewing routine filings and orders.  ECF 51, pp. 16-19.

**Reviewing the claim file**. The Court finds that Attorney Glass's time to review the claim file, 21.5 hours/$12,900.00, is reasonable.  The claim file was more than 3,000 pages[4], and included several different denials of Mr. Mullins's benefits at different times.  While Attorney Glass is an experienced ERISA attorney, spending about 20 hours to review an extensive claim file (with an irregular procedural history) is reasonable.

**Basic legal research**. The Court finds that a reduction by 50% of the 8.8 hours/$5,280 Attorney Glass billed to specifically conduct legal research of Third Circuit and Western District of Pennsylvania ERISA cases is appropriate.  Attorney Glass is an experienced ERISA attorney and generally the more experienced an attorney is, the less likely it is that he needs to spend significant time conducting legal research.  *Berkoben v. Aetna Life Ins. Co.*, No. 12-1677, 2014 WL 3565959, at

---

[4] While Attorney Glass's original declaration stated that the claim file was 2,418 pages, his corrected declaration states that the claim file is 3,418 pages.  ECF 50-1, ¶¶ 2-3.

*16 (W.D. Pa. July 18, 2014) (Lenihan, M.J.).   While Attorney Glass needed to familiarize himself with the local case law, a reduction here is appropriate, especially because Attorney Brett would presumably be familiar with any key Third Circuit and Western District ERISA cases.

**Summary-judgment briefing**. Attorney Glass spent 85.80 hours on summary-judgment briefing.  The Court finds that all of this time, except for 5.4 hours, is reasonable, and so will reduce only 5.4 hours of time (or $3,240 in fees).  Consol argues that the 85.80 hours that Attorney Glass spent on summary judgment is excessive because of the "relatively straightforward issues in this case and Attorney Glass's professed expertise in ERISA law."  ECF 51, p. 17.  After reviewing the time entries and considering the length and complexity of the cross-motion for summary-judgment briefing and the factual record, the Court finds that that amount of time is reasonable.  The Court will, however, reduce the fee award by 5.4 hours/ $3,240 for the time entries that appear to have occurred after the brief was filed.  Mr. Mullins concedes this reduction, although he claims that these hours were attributed to the wrong date due to a typo.  ECF 50, p. 8.

**Review of routine filings**.  Both parties agree to a reduction of 50% of the two hours Attorney Glass spent reviewing routine filings.  ECF 51, p. 18; ECF 50, p. 8.  The Court too agrees, and will reduce the award accordingly.

***Duplicative work***.  Consol next argues that Attorneys Glass and Brett duplicated work, which requires reduction—specifically: (1) both attorneys attended the mediation; and (2) both attorneys billed time for briefing for the Third Circuit appeal.  ECF 51, pp. 19-20.

As to the mediation, there is some obvious duplication.  Mr. Mullins has agreed to deduct two hours for Attorney Brett's attendance at the mediation, which the Court finds to be a reasonable reduction.  ECF 50, p. 8.  As such, the Court will reduce the award accordingly.

As to the appeal, after reviewing the time entries, the Court finds that, while the division of labor between Attorneys Glass and Brett is not entirely clear, the total amount of hours spent for all attorneys (about 119 hours) is reasonable for drafting and editing two Third Circuit briefs.

Consol states that Attorney Glass billed 42.4 hours/$25,440 drafting the Third Circuit brief, while Attorney Brett billed 19.5/$12,577.50 for additional research and editing of the Third Circuit brief, which Consol characterizes as a "clear and unnecessary duplication of efforts." ECF 51, pp. 19-20. Consol also states that Attorney Glass billed 33.7 hours and Attorney Brett billed 23.3 hours for the Third Circuit reply brief, and that all of Attorney Brett's time on the appellate briefs (42.8 hours/$27,606) should be disallowed. *Id.* at p. 20. Consol does not object to any specific time entries. *Id.* Mr. Mullins states that for the appellate briefs, Attorney Glass focused on the factual record, and Attorney Brett focused on the legal argument. ECF 50, pp. 8-9.

"In assessing objections for duplicative charges, the court must identify the overlapping hours in the record and determine whether such overlap was unreasonable, thereby warranting a fee reduction." *Walker v. Gruver*, No. 11-1223, 2013 WL 5947623, at *7 (M.D. Pa. Nov. 5, 2013). Mr. Mullins represents that Attorney Glass "was more familiar with the record and did the first drafts, while [Attorney] Brett shaped the legal argument." ECF 50, p. 8. Attorney Glass's time records are specific and reflect that he spent a significant amount of time on the factual sections of the briefing. ECF 47-3, pp. 14-15. Attorney Brett's time records indicate only that she "research[ed] and edit[ed] appellant's brief" and "research[ed] and draft[ed] reply brief[.]" ECF 47-4, p. 10.

After reviewing the records,[5] the Court cannot say that the division of labor was unreasonable or duplicative. As Consol recognizes, Attorneys Glass and Brett spent a total of 61.9 hours drafting the opening brief and 57 hours drafting the reply brief, for a total of 118.9 hours spent on appellate briefing. This is not unreasonable in light of the issues on appeal and the length and quality of the appellate briefs. As such, the Court will not reduce the fee award for work on the appellate briefs.

*__Administrative tasks.__* Consol argues that Attorney Glass billed 5.6 hours, totaling $3,360 in fees, for non-compensable administrative tasks. ECF 51, pp. 20-22. "[C]ourts regularly disallow attorney fees for administrative and clerical tasks which could otherwise be performed by support staff, including, inter alia, filing documents, preparing service packets, and completing or reviewing pro hac vice paperwork." *Taormina v. Heritage Env't Servs., Inc.*, No. 16-1791, 2017 WL 3912353, at \*6 (W.D. Pa. Sept. 5, 2017) (Kelly, M.J.) (cleaned up) (collecting cases). Upon review of the time entries Consol identifies as objectionable, the Court finds that the only entry that could not have been delegated to a non-lawyer is the one hour that Attorney Glass spent preparing and filing the Summary of the Case that was filed in the Third Circuit, and which identified material background information and the issues on appeal. All of the other entries are related to routine filings of the type usually performed by a legal assistant or paralegal. *See id.* As such, the Court will reduce the fee award by 4.6 hours/$2,760 as to the administrative tasks.

### C.    Costs of mediation.

Finally, Consol argues that Mr. Mullins cannot recover $1,312.50 in mediation costs (*i.e.*, the money paid to the private mediator). ECF 51, p. 22. The Court agrees; pursuant to the parties' ADR stipulation, which the Court approved, each party was

---

[5] The Court also reviewed the Third Circuit briefs, to assess the reasonableness of the work.

to bear 50% of the cost of mediation. ECF 14. Mr. Mullins cannot now recover this cost as he agreed to pay it and it was incurred as part of the Court's mandatory ADR process for civil cases. *Kairys v. S. Pines Trucking, Inc.*, No. 19-1031, 2022 WL 1457786, at \*2 (W.D. Pa. May 9, 2022) (Ranjan, J.), *aff'd*, 75 F.4th 153 (3d Cir. 2023) ("Shifting those costs after trial would be contrary to that ADR agreement and would undermine the 'spirit' of the ADR cost-sharing arrangement.").

### D.    Fees for preparing the reply to the fee petition.

As part of his fee petition, Mr. Mullins requested fees for the preparation of the petition. Consol does not object to Mr. Mullins's request for fees for preparing this petition; indeed, parties may recover fees for preparing fee petitions. *Rode v. Dellarciprete*, 892 F.2d 1177, 1192 (3d Cir. 1990). In his reply, Mr. Mullins requests 13.50 hours/$8,707.50 for Attorney Brett's preparation of the reply in connection with the fee petition. ECF 50. Upon reviewing the record, this amount is reasonable and recoverable, so the Court will add this to Mr. Mullins's total fee award.

### III.    Final calculation.

In conclusion, the Court grants Mr. Mullins's motion subject to these reductions:

- 5.4 hours/$3,240 for Attorney Glass's summary-judgment related time entries that appear to have occurred after the summary-judgment brief was filed;
- 1 hour/$600 for Attorney Glass's time spent reviewing routine filings;
- 4.6 hours/$2,760 for the time Attorney Glass spent on administrative tasks;
- 4.4 hours/$2,640 for a portion of the time Attorney Glass spent researching Third Circuit and Western District of Pennsylvania-specific ERISA case law;
- 2 hours/$1,290 for Attorney Brett's attendance at the mediation;
- $1,312.50 in mediator costs

The original fee request was for $243,568.50 in fees, and $9,590.34 in costs. Based on the reductions outlined above, and the addition of 13.50 hours/$8,707.50 in

fees for preparing the reply, the Court will award Mr. Mullins $241,746 in fees and $8,277.84 in costs.

**\*        \*        \***

Therefore, after careful consideration, it is hereby **ORDERED** that Mr. Mullins's motion for attorney's fees (ECF 47) is **GRANTED.** The Court orders Defendant to pay Plaintiff $241,746 in fees and $8,277.84 in costs within 30 days of this order, unless the time is extended by mutual agreement of the parties.

Date: March 5, 2025                                    BY THE COURT:


                                                       /s/ *J. Nicholas Ranjan*
                                                       United States District Judge